171 So.2d 678 (1965)
HANNA INVESTMENTS, INC., Plaintiff-Appellee,
v.
John B. STOVALL, Jr., et al., Defendants-Appellants.
No. 10329.
Court of Appeal of Louisiana. Second Circuit.
January 26, 1965.
McKeithen, Mouser & McKinley, Monroe, for appellants.
Feist & Schober, Shreveport, for appellee.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
By this action plaintiff sought to recover the balance of $743.46, plus interest and attorneys' fees, allegedly due on a promissory note executed and signed by the defendants and which represented the purchase price of a 1959 Ford automobile purchased from Bill Hanna Ford, Inc. Recognition of a vendor's lien, retained by the vendor, and a chattel mortgage executed by the vendees upon the automobile to secure the note was also prayed for. The defendants sought the avoidance of the sale because of alleged redhibitory vices or defects in the automobile, cancellation of the note sued upon, and return of the consideration paid, or, in the alternative, and in the event that it should be found that the defects did not render the automobile entirely useless and altogether unsuited for the purpose for which it was bought, a diminution of the purchase price. Plaintiff contended, however, that it was a holder in due course of *679 the note sued upon and that the sale, so far as it was concerned, was not subject to avoidance. There was judgment in plaintiff's favor as prayed for and defendants appealed.
Defendants' principal defense is one of redhibition. Pertinent are the provisions of LSA-C.C. Art. 2520, the language of which is as follows:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Defendants' alternative demand is for a reduction in price under the provisions of LSA-C.C. Arts. 2541 and 2542, which read:
Art. 2541:
"Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."
Art. 2542:
"The buyer may also content himself with resorting to this action, when the quality, which the thing sold has been declared to possess and which it is found to want, is not of such importance as to induce him to demand a redhibition."
To sustain either of defendants' principal or alternative defenses, the burden of proof is upon the defendants, except where the defects made their appearance within three days following the sale, in which event they are presumed to have existed before the sale. LSA-C.C. Art. 2530. No contention is made that the alleged defects manifested themselves within that three-day delay. Therefore, to sustain the defense, it was incumbent upon defendants to establish that, on account of some defects, the automobile was useless or its use so inconvenient and imperfect, had they known of the defects, they would not have purchased it. Chaignaud v. Baden, 81 So. 2d 76, La.App., 2d Cir.1955; Langlinais v. Soileau, 58 So.2d 274, La.App., 1st Cir.1952; Womack v. Lafayette Furniture Co., 50 So. 2d 843, La.App., Orleans 1951; Schexnayder v. Stansbury, 45 So.2d 545, La.App., Orleans 1950; Chas. A. Kaufman Co. v. Gillman, 142 So. 159, La.App., Orleans 1932.
Moreover, in order to warrant a decree of quanti minoris, whether predicated upon LSA-C.C. Arts. 2520 or 2541, the defendants must establish not only the existence of the defects of which they complain but also the amount of the reduction to which they are entitled. Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So. 2d 691 (1958); Ehrlich v. Roby Motors Co., 166 La. 557, 117 So. 590 (1928); Papa v. Louisiana Metal Awning Company, 131 So.2d 114, La.App., 2d Cir.1961; Loeb v. Neilson, 128 So.2d 447, La.App., 4th Cir. 1961.
However, we may point out that, while a purchaser, particularly in the case of complicated machinery, need not establish the exact cause of its malfunctioning, his burden is merely to show that the thing was not operating properly. Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871 (1924).
The contract of sale provided a warranty for a period of 30 days, during which period of time it was agreed the vendor and the vendees would share equally in the cost of making any necessary repairs. The defendant, John B. Stovall, Jr., returned the car to the vendor on the 28th day following the sale, under complaints that the car was not operating properly. This defendant's evidence is to the effect that he drove the car, after its purchase, to an oil lease in Bossier Parish; that it was to be, and was, used in connection with oil-field work, on rough and bumpy roads. He testified that the car rattled considerably, shimmied, and *680 leaked motor oil. Defendant also complained that he had difficulty starting the car and placing the gears in reverse. The car was accordingly placed with the vendor for repairs. Defendant was subsequently informed that the repairs were made; that the choke was adjusted, a gasket placed on the oil pan, and a new starter and fuel pump installed. In the meantime, the automobile collision and public liability insurance coverage of defendant John B. Stovall, Jr., was canceled by the insurer and defendants never returned to the garage for the car. During this time defendant John B. Stovall, Sr., received information from a former owner of the car that its mileage exceeded 100,000 miles. The purchase order, however, contained the provision that
"We DO NOT guarantee or represent the mileage on any used car sold as being actual."
There is no showing that the speedometer had been changed or that anyone connected with plaintiff or the vendor had informed either of the defendants that the mileage appearing on the speedometer was the actual mileage.
No evidence as to the malfunctioning of the automobile was tendered by defendants other than that given, aforesaid, by John B. Stovall, Jr., in whose possession it had continued since its purchase. Nevertheless, plaintiff offered the testimony of six expert witnesses, four of whom were its own mechanics and two of whom were disinterested experts. These witnesses testified that the car was free of any significant defects and that it was a normal-to-above-average 1959 model automobile. Moreover, it was shown that the number of miles a car has been driven is not determinative of its condition.
From our review of the record, we find no error in the conclusion reached by the trial court to the effect that defendants had not established the existence of vices or defects in the automobile, but, moreover, that the automobile was free of such redhibitory vices.
The judgment appealed is accordingly affirmed at defendants-appellants' cost.
Affirmed.