256 So.2d 827 (1972)
James H. KENNEDY, Plaintiff-Appellant,
v.
VIDALIA HOME SERVICE, INC., d/b/a Otasco Store, Vidalia, La., Defendant-Appellee.
No. 3706.
Court of Appeal of Louisiana, Third Circuit.
January 21, 1972.
*828 Smith & Taliaferro, by Wedon T. Smith, Jonesville, for plaintiff-appellant.
Dale, Richardson & Dale, by James H. Brown, Jr., Vidalia, for defendant-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a suit in redhibition in which plaintiff seeks to rescind the sale and recover the purchase price of a window air conditioner which he purchased from the defendant. It is alleged that a 29,000 BTU air conditioning unit was purchased from the defendant on June 10, 1968 for a time price of $611.27; that the air conditioner was installed in plaintiff's mobile home by the defendant; that within 12 ½ hours thereafter the unit ceased to operate properly, and that the unit contains vices and defects which make the appliance useless to plaintiff. The defendant filed an answer admitting the sale but denying any defects in the machine. The defendant also filed a peremptory exception of prescription of one year under LSA-C.C. 2534, which exception was referred to the merits.
A trial was held after which the district judge overruled defendant's exception of prescription, but concluded that the plaintiff failed to prove redhibition. The district court, however, did order that the defendant supply to plaintiff a new air conditioning unit of the same quality as that originally purchased by the plaintiff.
Contending that the district court erred in failing to find a redhibitory defect in the unit in question and in failing to rescind the sale and restore the purchase price, plaintiff has appealed to this court.
The record shows that the sale was confected on June 10, 1968 and the unit was installed by defendant on that date in plaintiff's mobile home. It was shown, of course, that defendant knew that the air conditioning unit was purchased with the intention of installing it in the mobile home and not in a conventional type home.
Through the testimony of plaintiff and his wife, it was shown that within 12½ hours from the time that the unit was installed, it began operating in an unsatisfactory manner. A service man for defendant replaced a thermostat in the unit and it worked satisfactorily for a period of approximately two weeks. They testified further that between June 10, 1968, the date of the installation, to the end of September, 1968, the unit became inoperable on more than seven occasions and during that period, at least seven thermostats were replaced. A check of the voltage furnished by the power company disclosed that there was no indication of low voltage in the area. They testified that *829 on one occasion the unit was out of commission for 14 consecutive days. At the end of the summer of 1968 plaintiff suggested to defendant that the unit be returned to the factory for a determination of the problem so that any defect could be corrected during the winter months. This was not done by defendant. In May of 1969 the plaintiff again attempted to use the air conditioner. The same trouble which had existed through the summer months of 1968 was again present in 1969. The machine apparently was emitting cool air for a period of time and would stop, blowing only hot air through the fan and it would not resume the cooling operation until some repair was made by defendant. Through October, 1969 some 15 thermostats were replaced in the unit and two compressors were also replaced. During the summers of 1968 and 1969 the unit operated trouble-free for only about one month. The unit was returned to defendant in October of 1969 with a burned compressor, and plaintiff and his wife testified that defendant said that he would furnish them with a new 1970 model unit by the end of January, 1970. This was not done, consequently plaintiff purchased another unit elsewhere.
Generally the defendant admits that the thermostat in the air conditioner was replaced a number of times but neither agrees nor disagrees that it was 15 times. Further, defendant admits that the compressor was replaced on two occasions. Defendant's defense is that because the air conditioner was installed in the side of the mobile home in a hallway, it was blowing the air directly to a wall, causing it to bounce back through the return air mechanism, causing a circulation problem affecting the thermostat. Although this is defendant's theory there is no evidence in the record to show that any suggestion was made to plaintiff about installing the unit in some other part of the trailer home to solve the problem.
We think that the trial judge correctly overruled defendant's exception of prescription. Plaintiff's suit was filed on March 24, 1970 well within one year from the time defendant abandoned attempts to repair the unit which was October, 1969. It is well settled in our jurisprudence that where the seller attempts to remedy a defect in the object sold, the one year prescription in bringing the redhibitory action begins to run only from the time the seller abandons his attempt to repair the defect. LSA-C.C. 2534; Goff v. Dewey Olivier, Inc., La.App., 137 So.2d 393 (cert. denied); Mid-City Finance Co. v. Coleman, La.App., 232 So.2d 918.
We believe, however, that the district judge erred in failing to conclude that the sale herein was subject to avoidance under the redhibitory articles commencing with LSA-C.C. 2520. Under these articles a sale may be voided when the object of the sale contains some vice or defect which renders it either absolutely useless, or so inconvenient or imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. In these cases where complicated machinery is involved the purchaser need not establish the exact cause of the article's malfunction and his burden is merely to show that the article was not operating properly. Hanna Investments v. Stovall, La.App., 171 So.2d 678.
Although defendant contends that there was nothing defective in the air conditioning unit and that the efforts made to seek out the trouble and work on the unit, were merely a gesture of good will to satisfy the customer, nevertheless it is unrealistic to conclude that the defendant would replace numerous thermostats and two compressors if something were not wrong with the unit.
Under LSA-C.C. 2530, the buyer who institutes the redhibitory action must prove that the vice existed before the sale was made to him, but if the vice makes its appearance within three days immediately *830 following the sale, it is presumed to have existed before the sale. It was shown herein that the air conditioner became inoperable within 12½ hours after its installation and required intermittent repairs and replacements during the summers of 1968 and 1969 culminating with a burned out compressor in October of the latter year and causing defendant to take the machine into its shop for attention.
To paraphrase the court in Roby Motors Co., Inc. v. Harrison, 19 La.App. 659, 139 So. 686, it goes without saying that when a person purchases an air conditioning unit he primarily wants one that will meet his needs for it. A unit that will not operate properly or one which only operates intermittently, requiring the attention of a repair man frequently to keep it going, is an abomination to the owner. In this case, the use of the air conditioner was so inconvenient and imperfect that it could not be supposed that the plaintiff would have purchased it, had he known of its defects or vices.
It was established at the trial that the cost of the unit, with taxes, insurance, installation and finance charges amounted to the sum of $528.13. It was also established that the plaintiff paid out the finance charges incumbent with the time payment plan under which he financed the machine.
For the above and foregoing reasons the judgment of the trial court overruling defendant's exception of prescription is affirmed, and the judgment otherwise is reversed, and there will now be judgment in favor of plaintiff James H. Kennedy and against the defendant Vidalia Home Service, Inc., d/b/a Otasco Store, Vidalia, Louisiana in the full sum of $528.13, with legal interest thereon from date of judicial demand until paid. Costs in both courts are assessed against defendant.
Affirmed in part, reversed in part, and rendered.