DOMENGEAUX, Judge.
Plaintiff filed a petition for mortgage foreclosure by executory process based on a note and mortgage given it by defendants, alleging that a balance of $1,781.77 with interest and attorney’s fees was due. A writ of seizure and sale was ordered issued and defendants petitioned for an injunction to arrest the writ and asked for damages in reconvention.
At the trial of the matter it was shown that plaintiff had constructed a residence for defendants, which the latter occupied in September, 1970. The major portion of the cost of the home was financed through a bank but defendants gave plaintiff a note and second mortgage for the balance of $2,000.00, dated October 26, 1970.
The central heating and air conditioning system was installed by one George Lam-press, apparently under a sub-contract with plaintiff. On the first day that defendants attempted to operate the air conditioner the fan motor burned out. It was replaced by Lampress, but that was only the beginning of long lasting and exasperating difficulties with the unit. Subsequently, the thermostat, fan control, and some wiring, had to be replaced, and eventually the compressor became inoperative. At times the unit lacked sufficient freon gas to operate, and later it was shown that too much of the gas had been injected. The system never cooled properly for more than a few days at a time; it made, according to defendants, excessive and disturbing noise; and moisture dripped from the vents, damaging the carpets.
The defendants made weekly and sometimes even more frequent attempts to obtain corrective service from plaintiff, both in writing and by telephone. These generally went unheeded and when servicemen were sent to defendants’ home their efforts to correct the malfunction were never completely successful. Finally, on July 16, 1971, defendants had another firm, Metal-Air, Inc., install a complete new unit at a cost of $1,811.41.
Plaintiff’s witnesses generally denied that the defendants’ requests for service went unheeded and that the air conditioning unit was defective. They did admit, however, that the above mentioned parts had to be replaced and that they received numerous complaints from defendants. They testified that an air conditioning unit cannot be properly tested in general, and as to freon pressure in particular, during the winter months, but rather that such *731 testing must await the coming of warm weather.
The trial judge was obviously unimpressed with plaintiff’s explanations and concluded, “. . . that the LeBleus were fully justified in replacing the original unit. The deficiencies were due to improper installation, service and defective portions of the unit. It was not fit for the use intended.”
Accordingly he ordered the writ of seizure and sale to be executed for the balance due on the note, plus interest and ten percent attorney’s fees, less the sum of $1,811.41 representing the cost of the new air conditioning unit. Only plaintiff appealed that judgment.
The issue presented is one of fact. We cannot say that the trial court erred in concluding that the facts were substantially as hereinabove presented. That being the case the defendants were justified in purchasing the new unit and deserve credit for the price thereof. As we said in the case of Kennedy v. Vidalia Home Service, Inc., La.App., 256 So.2d 827:
To paraphrase the court in Roby Motors Co., Inc. v. Harrison, 19 La.App. 659, 139 So. 686, it goes without saying that when a person purchases an air conditioning unit he primarily wants one that will meet his needs for it. A unit that will not operate properly or one which only operates intermittently, requiring the attention of a repair man frequently to keep it going, is an abomination to the owner. In this case, the use of the air conditioner was so inconvenient and imperfect that it could not be supposed that the plaintiff would have purchased it, had he known of its defects or vices.
For the above and foregoing reasons the judgment of the district court is affirmed at the cost of plaintiff-appellant.
Affirmed.