307 So.2d 159 (1974)
Shirley H. Scott WILLIAMS
v.
FORD MOTOR COMPANY and Richard's Ford Co., Inc.
No. 10063.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
Writ Refused March 31, 1975.
Leo J. Berggreen, Baton Rouge, for appellant.
E. Drew McKinnis, Baton Rouge, for defendant-appellee Richard's Ford.
Wm. A. Norfolk, Baton Rouge, for defendant-appellee Ford Motor Co.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
This is a suit by Shirley H. Scott Williams against Ford Motor Company and Richard's Ford Company, Inc., for rescission of the sale to her of a new 1971 Ford automobile. Plaintiff demands the return of the purchase price and damages, amounting to Eight Thousand Sixty-Two and 35/100 ($8,062.35) Dollars. Both defendants filed peremptory exceptions of prescription, which were sustained. Plaintiff's suit was dismissed and she has appealed. We affirm the trial court's judgment.
Plaintiff acquired a 1971 Ford LTD from Richard's Ford Company, Inc. on October 9, 1970. She alleges numerous and immediately appearing defects, the most important of which are excessive use of *160 oil, inoperative heater and air conditioner and a defective speedometer. Between October 23, 1970 and October 27, 1972, the plaintiff returned her automobile to Richard's Ford Company, Inc. with the same basic complaints on twenty-one occasions. Plaintiff next brought her automobile to Richard's Ford Company, Inc. on February 22, 1973, for a State Safety Inspection. This suit was filed on December 28, 1973.
Plaintiff avers that the trial court erred in sustaining the peremptory exception of prescription. LSA-C.C. Art. 2534 provides:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale."
It is plaintiff's position that the running of prescription was interrupted by the defendant automobile dealers' attempt to repair the automobile and that prescription did not commence to run until February 22, 1973, the last time the dealer attempted a repair. Plaintiff contends that her suit filed on December 28, 1973 was timely.
It is well settled in our jurisprudence that where the seller attempts to remedy a defect in the object sold, the one year prescription in bringing the redhibitory action begins to run only from the time the seller abandons his attempt to repair the defect. Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3rd Cir. 1972); Brown v. Mid City Motors, Inc., 248 So.2d 27 (La.App. 1st Cir. 1971).
Based upon the facts presented we sustain the judgment of the trial court. Plaintiff shows that she returned her automobile to Richard's Ford Company, Inc. on October 27, 1972, and complained about excessive oil consumption and a defective speedometer. The speedometer was repaired and the engine was filled with oil. No work was performed on the engine to correct the excessive use of oil. Plaintiff was billed for this service but she testifies that she never paid this bill. Plaintiff next returned her automobile to the defendant on February 22, 1973, for a State Safety Inspection and her horn was repaired at this time for inspection purposes for which she was billed and for which she paid. Subsequently plaintiff had her automobile serviced and repaired at establishments other than that of the defendant.
At the time that this suit was filed more than one year had elapsed since the last time the defendant may be presumed to have made an attempt to remedy the defects of which plaintiff complained. The running of prescription was not interrupted on February 22, 1973, when the horn was repaired for the purposes of safety inspection.
For the foregoing reasons the judgment of the trial court dismissing plaintiff's suit is affirmed. Plaintiff shall pay all costs of this appeal.
Affirmed.