327 So.2d 172 (1976)
Gene WEAVER, Plaintiff-Appellee,
v.
FLEETWOOD HOMES OF MISSISSIPPI, INC., et al., Defendants-Appellants.
No. 5370.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1976.
*174 Lunn, Irion, Switzer, Carlisle & Salley by Jack E. Carlisle, Jr., Shreveport, for defendants-appellants.
Whitehead & McCoy by Charles R. Whitehead, Jr., Edwin Dunahoe, Natchitoches, for plaintiff-appellee.
Before MILLER, WATSON and CUTRER, JJ.
CUTRER, Judge.
Plaintiff, Gene Weaver, sued defendants, Fleetwood Homes of Mississippi, Inc. and Bacon Mobile Home Sales, Inc., to rescind the sale of a mobile home purchased by plaintiff. Numerous defects were alleged as the basis for rescission. Judgment was rendered in favor of plaintiff. Defendants have appealed from that judgment, and plaintiff has answered the appeal requesting additional attorneys' fees for the services performed in connection with the appeal of the case. We affirm.
On November 13, 1972, plaintiff purchased from Bacon Mobile Home Sales, Inc. (hereinafter sometimes referred to as "Bacon") a 1973 Fleetwood double wide mobile home. At the time of the purchase, neither plaintiff nor his wife had an opportunity to inspect or observe the mobile home; at the time it was being constructed by Fleetwood Homes of Mississippi, Inc. (hereinafter sometimes referred to as "Fleetwood"). The purchase price for the home was $13,001.07. This price included all charges for delivery and installation of the mobile home on the Weaver property near Fairview Alpha, Louisiana. The home was delivered to plaintiff's property within one week after execution of the sale. Upon delivery of the home to the property the two halves of the double wide mobile home had to be attached to each other, and the mobile home had to be set up and leveled. During this assembly and installation, plaintiff's wife noticed several imperfections which she pointed out to the crew from Bacon that was setting up the home. She was informed that any problems in the home would be corrected. Subsequent attempts to make the necessary corrections were not successful and this litigation ensued.
Suit was filed in this matter on May 28, 1974. Plaintiff alleged the following vices and defects in the mobile home:
(1) The unit is unlevel.
(2) The two halves which make up the unit are not matched so that they will fit together, and one side is 1¼ inch or more out of line with the other side.
(3) The unit leaks.

*175 (4) The roof is deteriorated.
(5) The metal skirting around the unit is unsightly and was damaged when installed, and also caused damage to the sides of the mobile home.
(6) The skirting around the unit was placed without any vents.
(7) The unit is pulling apart in the master bedroom.
(8) Air from the air conditioning goes through the heating unit.
(9) The air conditioning ducts need to be replaced and are falling apart.
(10) Carpet in the master bedroom does not fit and was not installed correctly.
(11) Knobs and pulls were left off of the furniture.
(12) Curtain rods were broken when the unit was set up.
(13) The front screen door does not fit and will not latch.
(14) The cabinet doors in the kitchen are not properly fitted.
(15) Trim work on the inside of the unit is not matched and some is missing.
(16) The eaves of the unit are sagging and are crooked.
Plaintiff prayed for a rescission of the sale setting it aside and granting plaintiff judgment against the defendants, in solido, for the sum of $13,001.07, together with legal interest thereon from the date of the sale until paid, and for all costs. Plaintiff further prayed for damages in the amount of $5,000.00, together with legal interest thereon. Alternatively, plaintiff prayed for a diminution of the price of the home by the sum of $10,000.00. An answer and third party demand was filed by Fleetwood on September 27, 1974, denying the allegations of plaintiff's petition. Alternatively, Fleetwood alleged that plaintiff was contributorily negligent in maintaining the mobile home, thus contributing to the defects present in the home. The allegation of the third party demand was that if the mobile home were damaged in any way, it was the agents or employees of Bacon who had caused the damage by improper installation after the unit was received from the factory. In the event Fleetwood was held liable to plaintiff for the defects alleged in the original petition, Fleetwood prayed for judgment in an equal amount against Bacon, or for contribution.
Bacon answered the main and third party demands with a general denial. An amended answer filed by Bacon alleged that, in the event the sale of the home was rescinded, it was entitled to a reasonable value for the use of the mobile home in an amount not less than $200.00 per month. A third party demand was also filed by Bacon against Fleetwood praying for judgment in its favor against Fleetwood in the event that plaintiff's main demand against Bacon was granted. A request for attorneys' fees in the amount of $2,500.00 was also made a part of this third party demand.
A supplemental petition was filed by plaintiff alleging further defects, as follows:
(1) The floor in the hallway is weak and giving way.
(2) The floor covering which has been repaired is coming up again.
(3) The two trailer units, where joined, are pulling apart.
(4) The carpet in the living room is wet, holding moisture under the carpet.
(5) The walls through out the entire unit are not aligned properly.
(6) The floor in the living room at the front entrance is weak and loose, making a creaking sound when walked on.

*176 (7) The floor under the hot water heater is giving way and the heater is falling through.
(8) The back door does not shut properly.
(9) The window on the back door is broken. Unsuccessful attempts to repair this have been made twice.
(10) The heating ducts underneath the two trailer units are bent and out of place, causing a lengthy delay in heating properly.
(11) The air conditioning ducts are coming apart and leaking, causing a lengthy delay in cooling properly.
(12) The siding on the exterior of the unit, especially on the corners, will not stay connected.
An additional amount of $5,000.00 for attorneys' fees was also requested. An amended answer was filed by Fleetwood requesting a credit for the reasonable value of the use of the unit in an amount not less than $225.00 per month, should the sale be rescinded. Pleas of prescription by Fleetwood and Bacon were referred to the merits. Following a trial on the merits, the trial judge rendered an opinion which stated that he accepted the testimony of Mr. and Mrs. Weaver and Mr. T. J. Stephens, and that the evidence as a whole supported plaintiff's claim in redhibition. He determined that plaintiff was entitled to rescission of the sale and a return of the purchase price, subject to a credit of $60.00 per month rental value. The pleas of prescription by Fleetwood and Bacon were overruled and judgment was rendered against both Fleetwood and Bacon, in solido, for the purchase price of the mobile home. In addition, plaintiff was awarded attorneys' fees against both defendants, in solido, in the amount of $2,500.00. Both defendants have appealed from that judgment, and the plaintiff has answered the appeals seeking an increase in the attoreys' fees to compensate his attorney for the services performed in connection with the appeal.
The first allegation of error on the part of the trial judge is with reference to the pleas of prescription by Fleetwood and Bacon. We find no error on the part of the trial court in this respect. With reference to Fleetwood, the manufacturer of the mobile home, there is a presumption of knowledge of a defect in the thing made. Radalec, Inc. v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955); Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952). Under LSA-C.C. article 2534, the one year prescriptive period provided for in redhibitory actions does not apply where the seller has knowledge of the vice and neglects to declare it to the purchaser. Since the manufacturer is presumed to know of the defects in the product he manufactures, prescription does not commence to run in his favor if he fails to declare to the purchaser the defects in the product. In the present case, prescription never commenced to run in favor of Fleetwood.
Under the jurisprudence of this state, the prescriptive period provided in article 2534 does not begin to run until the seller abandons his attempts to repair the defect in the product he has sold. Williams v. Ford Motor Co., 307 So.2d 159 La.App. 1 Cir. 1974); Dominque v. Whirlpool Corp., 303 So.2d 813 (La.App. 3 Cir. 1974); de la Houssaye v. Star Chrysler, Inc., 284 So.2d 63 (La.App. 4 Cir. 1973); Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3 Cir. 1972). The record in this case indicates that the mobile home was acquired by the Weavers on November 13, 1972. The testimony of the Weavers is to the effect that almost immediately they began having problems with the mobile home and requested both the vendor and the manufacturer to repair these defects. John Bacon, of Bacon Mobile Home Sales, Inc., testified that his employees *177 made numerous service calls to the Weaver home in an attempt to repair the problems. On October 2, 1973, less than one year after the date of purchase, plaintiff mailed a letter to Bacon and Fleetwood specifying the defects still present in the home. John Bacon testified that he received the letter and contacted the Weavers informing them that all the problems would be remedied. Fleetwood answered the letter by a letter dated October 8, 1973, in which the Weavers were informed that Fleetwood intended to send a crew to correct any defects in the mobile home. This letter requested that plaintiff and his wife ascertain whether all of the defects were mentioned in the letter of October 2, "because our crew will only be able to work on the items that you have sent us information on."
The evidence presented in this case indicates that the Weavers were led to believe that all defects which they found in the mobile home would be remedied to their satisfaction. Their suit was filed on May 28, 1974, within one year following these communications with reference to the defects and the assertions by defendants that these would be corrected. We find that prescription had not run on plaintiff's claim against Bacon. For these reasons, the trial judge's rejection of the pleas of prescription by Fleetwood and Bacon was proper.
The next allegations of error on the part of defendants revolve around plaintiff's burden of proving that the vices and defects in the mobile home rendered its use so inconvenient and imperfect that it is supposed that the buyer would not have purchased it had he known of the defects. LSA-C.C. article 2520. Defendants contend that the record does not support the judgment for rescission of the sale. At most, they contend that plaintiff is entitled to a reduction of $300.00 in the purchase price. This is based on the testimony of one of their witnesses, which testimony indicated that the work required to correct the defects would cost in the neighborhood of $300.00.
Our review of the record indicates that the testimony of the various witnesses presented at the trial is in conflict as to the defects that existed and the relative difficulty in correcting the defects. Mrs. Weaver testified that at the time of delivery she noticed several defects in the mobile home. She stated that she brought these defects to the attention of Mr. Grover Wiley, who was sent out by Bacon to set up the mobile home. The stated that Mr. Wiley returned every day for several days following delivery to work on the unit in an effort to make necessary adjustments. It was two or three weeks, however, before any of these defects were reported to Mr. Bacon. Her testimony substantiated the allegations of defects listed in the original and supplemental petitions. Her testimony was corroborated by the testimony of her husband, as well as the testimony of Mr. Gary K. Carlson, who was accepted by the court as an expert in repair and maintenance of mobile homes, and Mr. T. J. Stephens, who inspected plaintiff's mobile home on several occasions and who testified as to the defects that he discovered during his inspections.
Defendants attempted to counter this evidence with testimony calculated to diminish the degree of severity of the defects testified to by plaintiff's witnesses. The trial judge indicated in his written reasons for judgment that he disbelieved the testimony introduced by defendants in this connection because he stated that he accepted the testimony of plaintiff, his wife and Mr. Stephens. Defendants further attempted to counter plaintiff's evidence by arguing that it had been agreed to by plaintiff and Bacon that plaintiff would prepare a concrete slab as a foundation for the mobile home unit. Defendants introduced testimony that indicated that the land on which the mobile home was placed was not suitable for installation of a mobile home without a concrete slab for a foundation. Defendants *178 contend that without a slab, the mobile home would settle in the soft and wet ground on which it was placed. Mr. Bacon's testimony is to the effect that he advised plaintiff that it would be wise for him to pour a concrete slab, or alternatively use concrete runners, to prevent the mobile home from settling after being placed on plaintiff's property. Plaintff and his wife testified that Mr. Bacon only suggested that a slab or runners be placed on the home site. They testified that Bacon indicated that the slab was only optional. They further testified that Mr. Bacon indicated that he would make sure the home was properly leveled and stable, as part of the installation procedure. This testimony by plaintiff and his wife was believed by the trial judge over that of Mr. Bacon. In addition, the evidence indicates that when the mobile home unit was delivered by Bacon's employees, instead of waiting for the pouring of a slab or the installation of concrete runners to support the unit, Bacon's employees installed the unit using standard blocking techniques. This evidence was introduced during the examination of Mr. Wiley.
Defendants' contention that any defects in the home could be repaired at a fraction of the original cost of the unit is based on the testimony of Mr. Everett Oliver, who was called by Bacon and qualified as an expert in the maintenance and repair of mobile homes. He testified that he inspected the unit in detail and found only minor problems, such as adjustments needed on cabinet doors, small water spots on the ceiling and evidence of leakage around a window. He testified that the unit could be placed in "like new shape" for about $300.00. This testimony was in direct conflict with that of Mr. Carlson, which was to the effect that considering the cost of the home, and what had to be done to it, it was not economically practical to attempt to repair all the defects. It is clear from the record that the trial judge accepted the testimony of Mr. Carlson over that of Mr. Oliver.
We note in reviewing this record that where evidence is before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, the appellate court should not disturb the factual findings in the absence of manifest error. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may believe its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no manifest error in the trial court's factual determination in the present case. Defendants' contention that plaintiff failed to sustain his burden of proof is without merit.
Fleetwood has alleged in its appeal that the defects about which plaintiff complains are not the result of improper manufacture but rather are the result of improper installation on the part of Bacon, the dealer. Fleetwood alleges error on the part of the trial court in failing to grant its third party demand against Bacon. We find no merit to this argument. The record reflects that the defects complained of by plaintiff have their origins both in the manufacture and the installation of the mobile home unit. The testimony of plaintiff, his wife, Mr. Carlson and Mr. Stephens indicates that the roof of the unit was deteriorating, the air conditioning ducts were falling apart, the carpet in the master bedroom did not fit properly and was not installed properly, the curtain rods were broken, the cabinet doors in the kitchen were not properly fitted and the eaves of the unit were sagging and crooked. These, among other defects, were the result of improper manufacture. Other defects had their origin in the installation of the unit by Bacon. These included the unleveled condition of the unit, the damaged metal skirting around the unit and the pulling apart of the two halves of the unit. Since both Fleetwood and Bacon are responsible *179 for the various defects found in the mobile home sold to plaintiff, neither is entitled to indemnification from the other. For the same reason, Bacon's third party demand against Fleetwood was properly denied, and Bacon's appeal from that portion of the judgment is without merit.
Defendants allege as error the trial judge's refusal to grant them a credit of $200.00 per month for the rental value of the unit. The amount granted by the trial judge was $60.00 per month. Defendants base their contention of error on the testimony of Bacon's witness, Mrs. Cele Cook, a Natchitoches real estate woman, who was accepted by the court as an expert in rental appraisals. She stated that a fair rental value for the mobile home in the Natchitoches area was $200.00. Defendants argue that this testimony was not contradicted and therefore must be accepted as the figure for the court to use in setting the credit due defendants. We do not agree with this argument. The record reflects the unpleasant conditions in which plaintiff and his family lived as a result of the defects in the mobile home. A reduction in the fact rental value established by the evidence was appropriate in view of the many defects with which the plaintiff and his family were confronted daily while living in the mobile home. We find no abuse of discretion in the trial court's award in this connection; therefore, it will remain undisturbed.
Defendants' final allegation of error is in the awarding of attorneys' fees. Fleetwood argues that it was not in bad faith, and that bad faith is required for the assessment of attorneys' fees against it. As discussed above, the manufacturer of a defective product is presumed to know of the defects. Radalec, Inc. v. Automatic Firing Corp., supra; Tuminello v. Mawby, supra. LSA-C.C. article 2545 states that if the seller knows of the vice and omits to declare it, he will be required not only to restore the price and the expenses but also be responsible for reasonable attorneys' fees. Since Fleetwood was imputed with knowledge of the defects and failed to declare them, the manufacturer is answerable for reasonable attorneys' fees.
Bacon argues that it was a good faith retailer, and as such not liable to plaintiff for reasonable attorneys' fees. We disagree. The trial judge, who listened to the witness and determined their credibility, found the testimony of plaintiff and his wife to be the more accurate account of the circumstances surrounding the sale of the mobile home. Mr. Bacon's testimony that he had informed plaintiff of the need to pour a concrete slab for a foundation because of the weight of the unit and the soft and wet ground on which the unit would be located was not accepted by the trial judge. He accepted the testimony of plaintiff and his wife that they were told the slab was only optional and that Bacon would make sure the unit was properly leveled and stable. The failure to declare the necessity for pouring a slab as a foundation resulted in numerous defects, and constitutes an omission within the purview of LSA-C.C. article 2545; therefore, Bacon is liable for reasonable attorneys' fees.
Plaintiff has answered the appeal asking for an increase in attorneys' fees to compensate for the additional work done in preparation for this appeal. We find that a reasonable fee in connection with the preparation of this appeal is $500.00.
For the reasons assigned the judgment of the trial court is affirmed. In addition, it is hereby ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Gene Weaver, and against defendants, Fleetwood Homes of Mississippi, Inc. and Bacon Mobile Home Sales, Inc., in solido, for reasonable attorneys' fees in connection with the appeal of this case in the amount of Five Hundred and No/100 ($500.00) Dollars. All costs are assessed against defendants-appellants.
Amended and affirmed.