344 So.2d 1130 (1977)
James E. FRANKLIN, Plaintiff-Appellant,
v.
AMERICAN MOTORS CORPORATION et al., Defendants-Appellees.
No. 5887.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
*1131 E. M. Nichols, Lake Charles, for plaintiff-appellant.
Jones, Patin, Harper, Tete & Wetherill, by Kenneth R. Spears, Raggio, Farrar, Cappel & Chozen by Richard A. Chozen, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, WATSON and ROGERS, JJ.
ROGERS, Judge.
James E. Franklin, plaintiff-appellant, filed this suit in redhibition against American Motors Corporation and Watts-Pumpelly Volkswagen, Inc., defendants-appellees on July 8, 1975. Defendants filed their answer and subsequently filed a peremptory exception of prescription and the trial court sustained the exception.
On December 18, 1973, plaintiff purchased a 1974 J-20 Pickup Jeep Truck from defendant Watts-Pumpelly. The said truck was manufactured by defendant American Motors Corporation.
The evidence shows that plaintiff was continuously having mechanical trouble with the vehicle, either because of defects attributed to the manufacturer or because of the abusive acts performed by plaintiff. The vehicle was last worked on by Watts-Pumpelly on February 6, 1974 and last worked on by Palmer Motor Company, an authorized American Motor Corporation dealer, on April 24, 1974. According to plaintiff, it was also, at varying times, worked on by his personal friend who was a mechanic, and also by himself.
Plaintiff contends that prescription did not commence to run until August 20, 1974, as against American Motor/Jeep and did not commence to run against Watts-Pumpelly until the plaintiff-buyer was put on notice that no further attempts to repair would be made.
Plaintiff argues that under jurisprudence, the manufacturer is presumed to know of the vices and defects of the things he sells. He relies on Civil Code Article 2534 which provides that the one year prescription period set forth therein does not apply when the seller has knowledge of the vice and neglects to declare it to the purchaser.
He also relies on the recent case of Weaver v. Fleetwood Homes of Mississippi, Inc., et al., 327 So.2d 172 (La.App. 3 Cir. 1976):
"With reference to Fleetwood, the manufacturer of the mobile home, there is a presumption of knowledge of a defect in the thing made. Radalec, Inc. v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955); Tuminello v. Mawby, 220 La. 733, 57 So.2d 666 (1952). Under LSA-C.C. article 2534, the one year prescriptive period provided for in redhibitory actions does not apply where the seller has knowledge of the vice and neglects to *1132 declare it to the purchaser. Since the manufacturer is presumed to know of the defects in the product he manufactures, prescription does not commence to run in his favor if he fails to declare to the purchaser the defects in the product. In the present case, prescription never commenced to run in favor of Fleetwood."
Plaintiff further argues that insofar as the immediate vendor, Watts-Pumpelly, is concerned, even though there is a one year prescription period set forth in LSA-C.C. art. 2534, under the jurisprudence the courts have held that this one year period does not begin to run until the seller abandons his attempts to repair the defect in the product he has sold. This again is set forth in the Weaver case with ample citation of authority, as follows (327 So.2d 176):
"Under the jurisprudence of this state, the prescriptive period provided in article 2534 does not begin to run until the seller abandons his attempts to repair the defect in the product he has sold. Williams v. Ford Motor Company, 307 So.2d 159 (La.App. 1 Cir. 1974); Domingue v. Whirlpool Corp., 303 So.2d 813 (La.App. 3 Cir. 1974); De la Houssaye v. Star Chrysler, Inc., 284 So.2d 63 (La.App. 4 Cir. 1973); Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3 Cir. 1972)."
Defendants contend that plaintiff had knowledge of the alleged defect in the jeep vehicle from the date of purchase and despite this knowledge, waited over a year before filing this suit in redhibition and further waited over a year from the date of the last repair before filing suit.
Actions such as the one in the case at hand are governed by the Louisiana Civil Code articles dealing with redhibition, namely, Articles 2520, et seq. These articles of the Louisiana Civil Code provide for the rights and the obligations of the vendors and vendees in Louisiana. Among these articles are those which deal specifically with the time limitation involved in initiating litigation. LSA-C.C. art. 2534 states:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.. . ."
This suit was filed more than one year from the date of the sale therefore, it has clearly prescribed under the rules set out in the first paragraph of Article 2534. However, the second paragraph of Article 2534 indicates a different result if the seller knew of the vice and failed to tell the vendee. The plaintiff cites Article 2534 along with the case of Weaver v. Fleetwood Homes of Mississippi, Inc., supra, as standing for the proposition that prescription never runs in favor of a manufacturer if he fails to declare to the purchaser the defects in his product. Since American Motors Corporation manufactured the jeep vehicle in question, plaintiff takes the position that prescription never runs in favor of American Motors Corporation as the manufacturer. That has never been the law in Louisiana and the Weaver case does not stand for such a proposition. In the case of the manufacturer who is presumed to know the defect in the thing he sells, Louisiana Civil Code Article 2546 governs the time period in which the vendee must file a suit in redhibition:
"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
This discovery is not to be presumed; it must be proved by the seller."
The rule that the vendee has one year from the date of discovery of the defect to initiate a redhibition suit against the manufacturer-seller has been outlined in a long standing line of jurisprudence in Louisiana. Moreno's, Inc. v. Lake Charles Catholic Schools, Inc., La., 315 So.2d 660; American Insurance Company v. Hartford Accident and Indemnity Company, La.App., 198 So.2d 757; Crowley Grain Dryer, Inc. v. Fontenot, La.App., 132 So.2d 573; Sterbcow *1133 v. Peres, 222 La. 850, 64 So.2d 195; Lloyd v. Pan Air Corporation, La.App., 139 So.2d 1.
The facts in the American Insurance Company case, supra, appear to be similar to the facts in the case at bar. In the American case, the plaintiff purchased a hydrocrane unit. Apparently, the unit had defects in it which manifested itself soon after the sale and which the vendee discovered and had knowledge of shortly after purchasing it. The machine broke down several times and a redhibition suit was filed after the last breakdown. The trial court sustained the exception of prescription filed on behalf of the defendants because the plaintiff had waited until well over one year from discovering the defect before initiating a suit for redhibition. The trial court stated at page 760:
"That was his responsibility, and no suit was filed in connection with that defect for well over one year thereafter."
Assuming for the sake of argument that the jeep vehicle in question had a defect in it at the time it was sold to the plaintiff, there is no question that Mr. Franklin had knowledge of this defect immediately after the purchase. Reference is made to Paragraph 7 of the plaintiff's petition.
"7. Since the day the plaintiff acquired the vehicle, it has not worked and performed as a full-time four-speed drive, and, to the contrary has given plaintiff continuous trouble."
On several occasions, the plaintiff admitted under oath that he had knowledge of the alleged defect. See page 10 of plaintiff's deposition, which has been filed in evidence marked D-1, where the following statement was made:
"Q. Mr. Franklin, reading here from your petition, it says that from the day that you purchased the vehicle, it has not worked to perform as a full-time four-wheel drive vehicle and it's given you continuous trouble. Is that correct?"
"A. That's correct."
In addition, at the hearing on the exception, plaintiff admitted in open court, under oath, that he had knowledge of the alleged defect immediately subsequent to the date of the sale (Tr. 96).
"Q. From that day on, you knew you did not have four-wheel drive.
"A. Right."
There is sufficient reason to believe that plaintiff had knowledge of the alleged defects in the jeep vehicle immediately after the date of purchase, December 18, 1973, and despite this knowledge, plaintiff waited well over a year and a half before initiating his suit for redhibition.
Watts-Pumpelly and American Motors Company, through Palmer Motor Company, did make an attempt to repair the vehicle and when such attempts are made our courts have consistently held that the one-year prescriptive period begins to run from the date of the last repair. Brown v. Mid-City Motors, Inc., La.App., 248 So.2d 27; Domingue v. Whirlpool Corporation, La.App., 303 So.2d 813. As evidence by the affidavits filed of record, marked D-2 and D-3, the last repair work done on the vehicle was April 24, 1974.
Although plaintiff testified that he spoke to a Mr. Brown, a representative of American Motors on August 20, 1974, and about three times on the telephone to representatives of the said company in Michigan from April 24, 1974 to August 20, 1974, plaintiff does not specify the dates of these telephone calls nor does he prove as to how American Motors Corporation tried to satisfy his problems with the alleged defects. Plaintiff may have tried to get satisfaction from American Motors Corporation from April 24, 1974 to July 18, 1975, but the evidence shows that American Motors Corporation abandoned its attempts to repair the alleged defect after April 24, 1974. Therefore, under our long standing jurisprudence, plaintiff's action in redhibition prescribed, at the latest, on April 24, 1975, and this suit which was filed in July of 1975 was simply filed too late.
For the reasons assigned, the peremptory exception of prescription of one year pleaded by both defendants and maintained by *1134 the trial judge is affirmed. Costs are assessed to plaintiff-appellant.
AFFIRMED.