DUFRESNE, Judge.
This is a suit in redhibition. Plaintiffs, Mr. and Mrs. Terrence White and Mr. and Mrs. William Palmer, sued defendants, Sunrise Homes, Inc. and Temple-Eastex, Inc., to rescind the sales of their houses. Sunrise Homes, Inc. sold a house to the Whites on November 28, 1980, and one to the Palmers on February 12, 1981. The Whites and Palmers joined together to file this redhibition action against Sunrise and Temple-Eastex, Inc. on May 6, 1985.
Sunrise filed an exception of prescription and after a hearing the exception was granted and the plaintiffs’ lawsuit was dismissed with prejudice. From this judgment the plaintiffs have appealed and urge that the trial court erred in maintaining Sunrise’s exception of prescription. The basic issue for our review is whether the suit has prescribed or not.
The Whites and Palmers (plaintiffs) allege that they purchased their houses from Sunrise on November 28, 1980, and February 12,1981, respectively. However, shortly after taking possession of the premises, they discovered that the exterior boards on the houses were defective. They complained to Sunrise within one year of the purchase and Sunrise was aware of their complaints.
Sunrise did acknowledge that the problem existed and took action to correct the *434 problem. In fact, Sunrise admits that it was trying to assist the homeowners to recover from the manufacturer, who is also a party in this suit.
Sunrise denies that it at any time admitted liability or extended prescription.
Sunrise placed into the record an affidavit of its President, Charlie Komman which was offered to support its position that the Whites had knowledge of the alleged defects on or before December 22, 1981. Sunrise further contends that the Palmers had knowledge of the alleged defects on or before May 22, 1981. Both allegations are supported by the Sunrise Warranty Service Repair List. Sunrise, therefore contends the redhibition suit filed on May 6, 1985, was more than four years after both the Whites and Palmers purchased their respective houses and had actual knowledge of the alleged defects; thus, it consequently was prescribed.
Sunrise argues that the plaintiffs’ cause of action has tolled pursuant to LSA-C.C. art. 2534.
However, plaintiffs contend that Louisiana jurisprudence establishes that the prescriptive period provided is LSA-C.C. art. 2534 does not begin to run until the seller abandons its attempt to remedy the defects, Weaver v. Fleetwood Homes of Mississippi, Inc., 327 So.2d 172 (La.App. 3rd Cir.1976). We agree.
However, it is unclear at this time as to when Sunrise affirmatively took steps to remedy any alleged housing defects at anytime prior to the filing of this lawsuit.
Plaintiffs uncontradicted affidavits indicate that a substantial effort was undertaken by Sunrise to correct any and all defects on October 11, 1984, and thus, plaintiffs argue that their lawsuit has not prescribed.
The jurisprudence of this state is clear, “the prescriptive period provided in LSA-C.C. art. 2534 does not begin to run until the seller abandons his attempts to repair the defect in the product he has sold”, Weaver, supra.
We are convinced after review of the record, there remains an unresolved question as to fact. When did prescription begin to run? There is insufficient evidence presented in this case to indicate whether Sunrise actions were to repair a defect in the houses sold to the plaintiffs, nor evidence sufficient to establish when it began these repairs and when did it stop.
Although Sunrise never admitted liability, the issue which remains unanswered is whether they attempted to correct problems which all parties knew existed. If so, prescription will begin to accrue only when Sunrise terminated all attempts to remedy the defects.
Accordingly, for the reasons assigned above, we remand to the trial court for further evidence which shall be consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.