YELVERTON, Judge.
This redhibition action by the purchaser of a 1982 Ford Ranger pickup was dismissed on an exception of prescription of one year, and the purchaser appeals. We affirm.
The suit was filed May 9, 1985. Inez White, the plaintiff, sued Babin Motors, Inc., the seller, and Ford Motor Company, the manufacturer. The evidence establishes that Ms. White bought the truck new from Babin Motors on April 26, 1982.
Seeking to rescind the sale, Ms. White alleged that the truck had redhibitory defects, that Babin Motors had attempted to *97 repair them, and that the seller was still trying to repair the truck or obtain replacement parts for it at the time the suit was filed.
The defendants filed an exception of prescription of one year under Louisiana C.C. Art. 2534. The trial court took evidence at the hearing on the exception, maintained it, and dismissed plaintiff’s suit.
A number of witnesses testified at the hearing on the exception. From a careful examination of this testimony we are convinced that, although the truck had some serious problems which might have amounted to redhibition justifying the rescission of the sale had the claim been asserted timely, the trial judge was entirely correct in holding that the running of prescription began more than a year before suit was filed, that nothing happened to interrupt the running of prescription on the claim, and that the claim was prescribed by the time the suit was filed.
Ms. White bought the truck for use on her paper route. Within a few days after the purchase troubles began. Her husband, who spent 18 years in military service as a motor sergeant, thought the problem was the starter. So did Ms. White’s brother. Mr. White called Babin Motors for a new starter, but none was in stock. He got a starter from another Ford dealer and installed it himself. He testified, as did other witnesses for plaintiff, that either he or a mechanic-relative of his replaced the starter several more times, and that they replaced the flywheel three times — all in an effort to get the truck to run right.
Babin Motors’ evidence shows, and Mr. White admitted, that the truck was returned to Babin Motors only twice in 1982, once for the replacement of a headlight and the other time for the replacement of a power steering hose.
Sometime between the middle of 1983 and March 1984 the truck was put on blocks at the Whites’ house, and it was still there on the day of the hearing of the exception. The trial court found that at the very latest, the truck had been on blocks since March 1984. Based on all the testimony in the record this finding of fact is clearly right.
In early 1985 Mr. White brought the transmission, the flywheel and the starter to Babin Motors and left these parts there with the request that the Ford man look at them the next time he came in, and give his opinion as to what was wrong. The Ford man later examined the parts and expressed an opinion that the thrust bearing in the engine was worn. The Ford man at that time also denied responsibility because of the “time limit”.
Between 1982 and 1985 the only contacts between the Whites and Babin Motors were disputed occasional telephone inquiries from Mr. White as to whether Babin Motors had been able to get in a starter that would fit that truck.
The testimony shows that during 1982 and a part of 1983 the Whites were busy replacing starters and. flywheels on their own. They never tendered the vehicle to Babin Motors to be fixed. Babin Motors never offered to fix anything, and was not aware of the transmission and starter problems until 1985. Regardless of whether or not Mr. White made the disputed phone calls inquiring about a starter, these calls alone would not have interrupted prescription. Franklin v. American Motors Corp., 344 So.2d 1130 (La.App. 3rd Cir.1977).
In Louisiana a suit in redhibition must be filed within one year from the date of the sale. La.C.C. Art. 2534. The second paragraph of the article provides that the limitation does not apply when the seller knew of the vice and failed to tell the buyer. Franklin v. American Motors Corp., supra. In the present case there is no evidence that the vendor had any knowledge of defects in the truck at the time of the sale.
Citing Weaver v. Fleetwood Homes of Mississippi, Inc., 327 So.2d 172 (La.App. 3rd Cir.1976), appellant argues that prescription does not run against a manufacturer, because a manufacturer is presumed to know of the defect in the thing he sells. The same argument based on Weaver was considered and rejected in Franklin v. *98 American Motors, supra, which held that a vendee has one year from the date of discovery of the defect to initiate a redhibition suit against the manufacturer.
Appellant also argues that prescription should not start to accrue until the specific or actual cause of the defect is known, and that it was not until 1985, when the Ford representative inspected the transmission, that the Whites learned what the specific defect was.
Just as a plaintiff need not prove the specific cause of a defect in order to establish redhibition, the specific cause of a defect need not be known before prescription starts to accrue. In Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285, 287 (1970), the Supreme Court, speaking of constructive knowledge in contra non valentem cases, said:
“Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription.”
In a footnote in Griffin v. Kinberger, 507 So.2d 821 (La.1987), the Supreme Court stated that subsequent decisions had refined the Cartwright notice definition to emphasize that the proper focus is on the reasonableness of the tort victim’s action or inaction. Recently, in Jordan v. Employee Tranfer Corp., 509 So.2d 420 (La.1987), the Supreme Court stated:
“The language in Cartwright ... is an incomplete definition of the kind of notice that will start the running of prescription. Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
“When prescription begins to run depends on the reasonableness of a plaintiffs action or inaction. The Jordans knew there was damage on October 1, 1982, when they discovered the water in their den. However, prescription did not begin to run until they had a reasonable basis to pursue a claim against a specific defendant.”
Applying the test of reasonableness to the present facts, we find that, because the plaintiff continuously encountered problems from the time of the truck’s purchase until it was permanently put on blocks and became inoperable, which at the latest was March 1984, she should have known by March 1984 that she had a reasonable basis to pursue a redhibition claim against Babin Motors and Ford Motor Company. As the redhibition suit was not filed until May 9, 1985, which was more than a year from the date of discovery that the truck possessed an alleged defect, the cause of action in redhibition was prescribed.
For these reasons the judgment of the trial couit sustaining the defendants’ peremptory exception of prescription is affirmed. Costs are assessed against the appellant.
AFFIRMED.