The plaintiff filed this suit to recover from the defendant the sum of $810 on the ground that certain cattle which plaintiff bought from the defendant in April, 1945, were not as represented by the defendant. It is alleged that plaintiff bought 16 heifers and a bull from defendant for the price of $75 per head; that defendant represented to plaintiff that 14 of the heifers had been bred to a registered white face bull and that all of these heifers would bring calves within four months; that two of the heifers brought calves, but it developed that the other heifers had not been bred to the registered bull as represented by defendant. Plaintiff further alleged that he paid $75 per head for the cattle because of the aforementioned representations, and he asks for a reduction in the price to the extent of $30 per head, or $510, and also asks for damages in the sum of $300 sustained by him by reason of said misrepresentations.
The defendant admits selling plaintiff the cattle, but denies that he guaranteed they had been bred to said registered bull and would bring calves within four months. After the case was tried, but before judgment was rendered, the defendant filed a plea of prescription of two months under the provisions of Article 2535 of the Civil Code, which provides that the redhibition of animals can only be sued for within two months immediately following the sale. The trial judge overruled the plea of prescription and rendered judgment for plaintiff for $180, constituting a reduction in the price of the animals to this extent. The defendant appealed and plaintiff answered the appeal, asking that the judgment be amended by increasing the amount to the sum originally prayed for.
 Plea of Prescription
The general prescription for bringing an action of redhibition is fixed at one year by Article 2534 of the Civil Code. This prescription begins to run from the date of the sale, except in those cases where the seller has knowledge of the vices and defects in the thing sold and neglects to declare it to the purchaser, or in case of the absence from the State on the part of the seller. The article of the Civil Code immediately following the above article fixing the limitation for bringing the redhibitory action provides (Article 2535): "The redhibition of animals can only be sued for within two months immediately following the sale."
The vices and defects in animals for which the redhibitory action may be brought are latent defects of body and vices of character. Civil Code, Articles 2524 to 2528, inclusive. The purchaser of a thing instead of resorting to the action of redhibition may ask for a reduction of the price when the quality to which the thing sold has been declared to possess is lacking, but the defect is not of such importance as to induce him to demand a rescission of the sale. Civil Code, Article 2542. The action for the reduction of the price is subject to the same rules and limitations as the redhibitory action. Civil Code, Article 2544.
From the allegations of the petition and from the testimony adduced on the trial of the case, it is evident that the plaintiff in this suit is attempting to secure a reduction in the price of the cattle on the ground that *Page 610 
the quality or condition which they were declared to possess by the seller did not exist. It is not attempted to show that these cattle possessed any vice or defects. It is obvious that the purpose of limiting to two months the time in which to bring an action to annul a sale of animals, or secure a reduction of price, is to enable the purchaser that length of time in which to discover the vice or defect in the animal. For instance, if the animal was afflicted with a disease or some habit which would render it useless, or its services of little value, that fact should be discovered by the purchaser within the period of two months.
In this case, however, the situation is entirely different. The very thing which plaintiff now claims justifies him in asking for a reduction in price could not by its very nature be discovered by him within two months of the date of the sale. If, as he claims, the defendant made the representation to the effect that these cattle had been bred to this registered bull and would bring calves within four months of the date of the sale, it would have been impossible for plaintiff to determine whether or not this representation was true or false within two months of the sale. It is shown by the evidence that the period of gestation for the birth of a calf is about nine months. This suit was filed in about nine months after the sale.
[1] Had the plaintiff attempted to bring this suit within two months of the sale and had made the same allegations he is now making for a reduction of the price, the defendant could have pleaded the prematurity of the action for the reason that he could have well contended that plaintiff could not at that time tell whether or not there was any misrepresentation of the cattle as to their having been bred to this particular bull and would bring calves within four months. Prescription only begins to run from the time the defect is discovered by the purchaser. In the case of Reynaud Sucko v. Guillote Boisfontaine, 1 Mart., N.S., 227, the court stated that until the purchaser is informed of the facts which give him a right of action for rescission, he is not in delay in bringing his suit.
The plea of prescription was correctly overruled.
 On the Merits
[2] Without going into the details of the testimony, we think the record shows that the plaintiff was induced to pay $75 per head for these cattle because of the representations made by defendant that the cattle were bred to this registered bull and would bring calves within four months. It is not necessary to determine whether or not the defendant was guilty of fraud in making these statements as plaintiff would be entitled to a reduction of price if he was induced to give this price by reason of the representations made, even though they were made in good faith, but as a matter of fact were not true. C.C. 2542. The trial judge states in his written reasons that he was impressed with the testimony of the plaintiff and his wife as to the fact that defendant did make these representations which plaintiff claims he made. The trial judge also states in his reasons for judgment that he was not favorably impressed with the testimony of defendant on this point when he denied making these statements to plaintiff.
The record shows that these cattle would have been worth from $20 to $30 more per head had they been in the condition that defendant represented them to be in when they were purchased. The trial judge allowed a reduction in the price of $15 per head on twelve head of cattle. We think he was correct in allowing the reduction on the twelve head, but we think the minimum of $20 per head shown by the evidence as the difference in value should be used as a basis for the reduction. Plaintiff has not proved any part of his claim for damages.
For the reasons assigned, it is ordered that the judgment appealed from be amended by increasing the amount thereof from $180 to the sum of $240, and as thus amended, the judgment is affirmed at defendant's costs in both courts. *Page 611