BOLIN, Judge.
Willie Lee Thomas alleges he was injured while working for Florsheim Construction Company of Shreveport, Louisiana. Thomas contends he was sitting in a parked truck when a tractor-trailer unit, owned by Kilgore Ceramic Corporation and insured by Farmers Insurance Exchange, struck an overhead high-voltage electric line, causing the line to fall on the parked truck and subjecting Thomas to severe injuries by electrical shock. Thomas was paid workmen’s compensation by National Ben Franklin Insurance Company. Thomas and his employer’s compensation insurer bring this action for damages for personal injuries to Thomas and for the amount of workmen’s compensation pay *618 ments made by the insurance company to plaintiff. Made defendants were Kilgore Ceramic Corporation and Farmers Insurance Exchange. Kilgore and Farmers Insurance filed third party petitions against Fidelity & Casualty Company of New York, insurer of Fitzgerald Plumbing & Heating Company, Inc., and Great American Insurance Company, insurer of Camus Electric Company. The third party demands were based on allegations that if Thomas was injured, such injury was caused by the negligence of Fitzgerald Plumbing and Camus Electric.
For reasons dictated into the record by the trial judge, plaintiffs’ demands, as well as those of third party plaintiffs, were rejected for failure to prove Thomas was injured by an electrical shock. Plaintiffs appeal but since defendants-third party plaintiffs, Kilgore Ceramic Corporation and Farmers Insurance Exchange, have neither appealed nor answered the appeal, third party defendants are no longer parties to this proceeding. Louisiana Code of Civil Procedure Article 2133; Shirley v. Aetna Casualty & Surety Company, 256 So.2d 462 (La.App.2d Cir. 1972). '
The principal issue is whether plaintiffs have proved by a preponderance of evidence that Thomas was injured by an electrical shock emanating from a high-voltage line which struck the truck in which he was sitting.
Three examining doctors were called as witnesses, not one of whom testified he found any objective symptoms of injury to plaintiff either by electrical shock or otherwise.
The principal lay witness, other than Thomas, was his companion seated beside him in the parked truck, who testified he experienced no shock and that the wire never touched Thomas. He further said the wire fell across the hood of the truck and he alighted therefrom and removed the wire with a stick. At no time did he observe any “arcing sparks” to indicate the wire was “hot”. The district judge was not impressed with the veracity of Thomas and the record amply supports his conclusion.
After careful review of the record we are in accord with the finding of the lower court that plaintiffs have failed to prove by a preponderance of evidence that Thomas was injured by electrical shock and, accordingly, the judgment appealed from is affirmed at appellants’ cost.