284 So.2d 63 (1973)
Malcolm L. de la HOUSSAYE
v.
STAR CHRYSLER, INC.
No. 5521.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
Rehearing Denied November 2, 1973.
Writ Refused December 19, 1973.
Dudley A. Philips, Jr., New Orleans, for Malcolm L. de la Houssaye, plaintiff-appellant.
Salomon & Farmer, I. Bernard Salomon, Richard I. Farmer, New Orleans, for Star Chrysler, Inc., defendant-appellee.
Milling, Benson, Woodward, Hillyer & Pierson, J. Broocks Greer, III, New Orleans, for Chrysler Corp. and Chrysler Motors Corp., third party defendants.
Before LEMMON, BOUTALL, and SCHOTT, JJ.
BOUTALL, Judge.
This is an appeal from a judgment dismissing plaintiff Malcolm L. de la Houssaye's suit in redhibition in favor of defendant Star Chrysler, Inc. In dismissing the suit, the trial judge held that plaintiff failed to prove either redhibition or quanti minoris, and also ruled that defendant's exception of prescription, previously referred to the merits, should be maintained.
In the proceedings before the trial court, defendant, Star Chrysler, Inc., filed *64 a third-party demand against Chrysler Corporation and Chrysler Motors Corporation for indemnity. These latter have filed a motion to dismiss them from the appeal because the brief of Star Chrysler, Inc. alleges them to be responsible, although Star neither appealed the judgment nor answered the appeal of plaintiff. Under these circumstances the third-party defendants are not parties to plaintiff's appeal. See Thomas v. Kilgore Ceramic Corporation, 265 So.2d 617 (La.App.2nd Cir. 1972). All parties orally concede that they are not parties to this appeal and we so hold.
The facts are as follows: On December 4, 1969 plaintiff purchased from defendant a new 1969 Imperial LeBaron automobile for the price of $6,465.00. On numerous occasions plaintiff complained of defects which he felt needed correction, and he quite often brought the automobile in for repairs. There are in evidence 52 repair orders from December 8, 1969 to April 2, 1971.
Most of these complaints were minor matters and are not the type of defect upon which redhibition can be based. We refer for example to some of the initial complaints made on December 8, 1969 and note the following:
Panel box on left front door warped, squeak in left front window, gasoline gauge only registers ¾ full when completely full, light under driver's arm rest did not work, missing spare wheel cover, red light on high beam did not work, stitching needed on two arm rests, lining of ceiling in automobile falling down in one place, black glue on chrome in front vents, cords showing under seat, leak in rear window, white substance on several portions of car, vinyl top does not fit under metal trim, and brake system warning light not working. These items were all satisfactorily repaired, along with a more serious item, replacement of the front windshield because of scuff marks on the interior of the glass. It must be further noted that all of these items were not fixed on one day, but that the car remained in the shop for several days, and due to unavailability of parts, some of these items were not corrected until much later.
On December 18th, plaintiff listed another eleven complaints, some of which were repetitive, and on January 12th, 1970 listed another eight complaints. At this time in addition to the minor type complaints mentioned above, he had serious complaints of wind noises and noise in the rear end of the car. It had previously been discovered on December 18th, when the car had been driven only 111 miles, that the drive shaft in the automobile was bent and caused vibration, and this had been replaced. Since we feel that the difficulties plaintiff experienced along the drive train and particularly in the differential and rear end assembly prove a defect sufficient for redhibition, we shall discuss this first.
Although plaintiff continued to complain of the noises and problems in the rear end of the car, defendant insisted there was nothing wrong, except an excessive noise made because of the type of tires that plaintiff had installed on his car. Nevertheless it became necessary on June 2nd, 1970 to completely recondition the rear end and install new gears, bearings, gaskets, etc. by the time the automobile had been driven only 4007 miles. Similarly it was necessary on November 24, 1970 to replace the axle bearings and seals. A week later the driveshaft was again replaced and the shaft bearing replaced. It was then discovered that the yoke in the differential had excessive slack, was making noise and needed to be replaced. Problems continued because of the grease leaking along both rear axles onto the brakes causing the replacement of both inner axle seals and the left rear brake shoes. It was again necessary to replace the axle bearings on February 2, 1971. On February 15, 1971 it was necessary to replace leaking gaskets again. Similar trouble was encountered and repaired on April 2, 1971 when the brakes locked.
*65 On January 21, 1970, plaintiff had written a letter asking recision and finally, on or about March 3, 1971, plaintiff tendered the automobile to defendant requesting recision of the sale. Defendant refused to rescind the sale, thus causing plaintiff to bring this suit in redhibition.
Suit was filed on April 6, 1971, and plaintiff still continued to complain of difficulties with his rear end. Although defendant still insisted that there was no defect in the automobile, the record shows that several months thereafter, shortly before trial, plaintiff brought the car to another Chrysler dealer who found it necessary to replace the differential case, together with a ring gear and pinion, seals and gaskets in order to correct the problems. At the time of trial plaintiff testified that he noted no further difficulties in this area with the corrections after the repairs last mentioned, and that the car performed satisfactorily as of the trial date.
The trial judge concluded that the plaintiff had failed to prove redhibition, and we believe this to be error. It is argued to us that at the time of trial the defects complained of had been repaired under warranty and removed by the time of trial. We do not believe this to be the proper test for redhibition. As we view the record, it is apparent that the defect existed at the time of purchase and manifested itself within two weeks when the vehicle had been driven only 111 miles, and had been the subject of many attempts at repair as outlined above. The defects existed at the time plaintiff tendered the vehicle back to the dealer on several occasions prior to filing suit, and still existed at the time of filing of suit. The statutory basis of the action in redhibition is Civil Code Article 2520, which provides:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
We are of the opinion that the defect rendered the use of the vehicle so inconvenient and imperfect that he would not have purchased it had he known of the vice. See Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.Sup.Ct.1973), Docket #52674, relative to defect in transmission.
In support of the proposition of inconvenience, we must make reference to other defects which were found in subject automobile. Plaintiff continually complained of loud wind noises in the driving area of the vehicle around the windshield posts and side windows. The record reflects that numerous attempts were made to reduce this noise so that by the time of trial, the wind noise had been reduced to a minimum, although it still annoyed plaintiff. Additionally, it was necessary to replace the torsion bars in the front end to provide for alignment of the front wheels, inasmuch as all of the allowance for such adjustments had already been used up. The shock absorbers on the vehicle were replaced in the front, and plaintiff voluntarily decided to replace the rear shock absorbers. The water pump was replaced, and plaintiff had encountered a number of difficulties with the air conditioner and the carburetor. The final blow occurred when plaintiff returned to his automobile to find that the brakes were locked and he was unable to move it from a parking garage, and suit was entered immediately thereafter. We do not hold that the accumulation of all of these difficulties were in themselves sufficient to cause redhibition, although certainly one would not expect so many varied difficulties with a brand new car, especially one reported to be of the finest quality. We do believe however, that this is corroborating evidence to go along with the major defect in the drive train in order to show inconvenience and imperfections such that the buyer probably would not have purchased the vehicle, had he *66 known of the existence of these defects. Our jurisprudence has imposed upon the buyer the burden of proof to establish the defect and show that the defect rendered the thing useless or its use so inconvenient, and we are of the opinion that the plaintiff has carried this burden of proof.
We now pass to the exception of prescription. As noted above, the sale of the vehicle was December 4, 1969 and the suit for recision was filed April 6, 1971, more than one year after the date of the sale. Louisiana Civil Code, Article 2534 provides that the redhibitory action must be instituted within a year of the date of sale. The defects in the rear end of this vehicle began manifesting themselves on December 18, 1969, and as may be seen from the discussion above, attempts to remedy those defects were made all through the period up to April 2, 1971, when defendant's agent told plaintiff that he should take his car elsewhere for repairs.
It is well settled in our jurisprudence that where the seller attempts to remedy a defect in the thing sold, the one year prescription in bringing the redhibitory action begins to run only from the time the seller abandons his attempt to repair the defect. Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3rd Cir. 1972); Mid City Finance Company, Inc. v. Coleman, 232 So.2d 918 (La.App. 4th Cir. 1970). We are of the opinion that the exception of prescription should be overruled.
Having thus determined that a redhibitory defect existed, and that plaintiff is still in possession of the automobile, and it appearing that the defendant does not seek reimbursement for purchaser's use of the defective automobile, we are of the opinion that plaintiff is entitled to the relief sought. Prince v. Paretti Pontiac, supra. Accordingly there is judgment herein reversing the judgment appealed from and now decreeing judgment in favor of plaintiff, Malcolm L. de la Houssaye, and against Star Chrysler, Inc., in the amount of $6,465.00, with all costs and legal interest from the date of demand, conditioned upon the return of de la Houssaye's 1969 Imperial LeBaron four-door hardtop sedan, Serial No. YM43 K9C 305074 to Star Chrysler, Inc.
Reversed and rendered.