327 So.2d 569 (1976)
CHRISTY-ANN-LEA, INC.
v.
CHARTER HOMES OF LOUISIANA, INC.
No. 7220.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
Rehearing Denied March 16, 1976.
Writ Refused May 4, 1976.
Daniel J. Markey, Jr., New Orleans, for defendant-appellee.
Gerard H. Schreiber, New Orleans, for plaintiff-appellant.
Before SAMUEL, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This is a suit in implied warranty for defects in a house. Defendant, Charter Corporation, an Alabama Corporation, filed a peremptory exception of prescription which was sustained by the trial court after a hearing on the merits. Plaintiff, Christy-Ann-Lea, Inc., has appealed the dismissal of its suit and we affirm.
*570 The evidence shows that plaintiff is a building contractor and defendant is a modular home manufacturer. In 1971 plaintiff negotiated with Charter Homes of Louisiana, Inc., a dealer in modular homes, for the purchase of five modular homes. Charter Homes of Louisiana, Inc. obtained three homes from Charter Corporation and two from Vanguard Structures, another manufacturer. The three Charter homes were built by defendant and shipped to plaintiff in two sections to Slidell, La., there to be tied together, placed on a foundation, and finished by plaintiff. After each home arrived (at different times as ordered) it became apparent that each contained several defects and did not meet the City of Slidell's Building Code.
This appeal concerns only the three homes delivered by Charter.[1] The last home was delivered on June 22, 1971 and plaintiff filed suit for damages on September 12, 1972. The defects were all discovered well in excess of a year prior to suit. On this basis defendant filed a peremptory exception of prescription.
The liability of a manufacturer for defects in an article furnished to a dealer and sold by that dealer to a third person for use is subject to the application of the one year prescriptive period. Stelly v. Gerber Products Co., 299 So.2d 529 (La.App. 4th Cir. 1974); American Insurance Co. v. Hartford Acc. & Indem. Co., 198 So.2d 757 (La.App. 1st Cir. 1967). More than one year has elapsed between the discovery of the defects and the filing of suit. The trial judge correctly maintained the exception of prescription.
Plaintiff makes two arguments in support of its position that this claim has not prescribed. First, it asserts that this is an action for breach of contract and not implied warranty. Second, prescription was interrupted by defendant's attempts to correct the defects.
Plaintiff argues that a ten year prescriptive period applies because this is an action for breach of contract. It agrees that there was no privity of contract between itself and defendant. The contract was between plaintiff and Charter Homes of Louisiana, Inc.[2] and was not introduced at the trial. Plaintiff relies on the case of Media Production Consultants, Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (1972) for the proposition that privity of contract is implied between a consumer and a manufacturer. This view of Media is erroneous. The Media case actually held that there is an implied warranty between consumers and manufacturers without the need for privity of contract. The nature of this action is redhibition for the defects in the homes purchased, and as such, RCC articles 2534 and 2546 apply.
Plaintiff also makes the argument that the redhibition articles of the Civil Code dealing with implied warranty against defects should only apply in the consumer-seller situation. Since, plaintiff claims, this is not such a situation (that is plaintiff did not intend to be the ultimate consumer) they should not apply in this case. Plaintiff cites no authority for this position and we fail to see the reasoning behind it. We feel the redhibition articles were meant to apply to almost all sales no matter who the ultimate consumer be. They certainly apply here. We note that the representative of Christy-Ann-Lea, Inc. testified at trial that he purchased these homes as you would an automobile. We further note that the modular units form only the main core of a finished house. *571 The purchaser-contractor here had to install them on a foundation, connect the sections, roof them and do some finishing work before it could sell them to a customer as a home. It actually is a consumer in fact.
The second specification of error presented by plaintiff is that prescription was interrupted by certain acts of defendant. Plaintiff failed to prove or even mention what these acts were with one exception. It claims that defendant attempted to remedy the defects in the homes by trying to convince the Slidell City Council to accept plastic plumbing in lieu of the iron plumbing required by the building code. Defendant admits this action. The record does not disclose when this action occurred or under what circumstances it was done. We find that plaintiff has failed to prove by a preponderance of the evidence that prescription was interrupted by this act.
For the foregoing reasons the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
Affirmed.
NOTES
[1] A default judgment was taken against Charter Homes of Louisiana, Inc., and Vanguard Structures.
[2] The record discloses no relationship between the Alabama Corporation and the Louisiana Corporation other than the Louisiana Corporation did buy some modular units as an ordinary dealer.