PONDER, Judge:
On April 7, 1969, plaintiff s-appellants, Gordon and Dorothy Hagan, purchased a Chrysler demonstrator from Price-A.K. Inc. The automobile although “new”, had approximately 7,000 miles already on it. On May 12, 1969, the automobile while being driven by Mrs. Hagan was involved in an accident. In September 1970, the car was repossessed for nonpayment. Plaintiffs-appellants filed this suit on April 10, 1970, against Chrysler Corporation and Price-A.K., Inc. seeking $50,000.00 for the injuries suffered by Mrs. Hagan in the May 12, 1969, accident, alleging that the accident was caused by a defect in the car and that Chrysler Corporation was liable as a negligent manufacturer and Price-A.K. as a negligent seller. Plaintiffs-appellants also sought $5,800.00 in redhibition.
The lower court found that plaintiffs-appellants failed to bear their burden of proof that the accident was caused by any defect in the car and that the redhibition claim had prescribed, suit thereon being filed more than one year after purchase. Plaintiffs-appellants have timely prosecuted this appeal. We affirm.
NEGLIGENCE CLAIM
On May 12, 1969, Mrs. Hagan was proceeding in the Chrysler on four lane highway US 190 approximately two miles west of its intersection with La. 1. She was proceeding at approximately 40 MPH two car lengths behind a vehicle traveling in the inner lane of the two lanes heading west. The weather was clear; the road was dry; it was midmorning. According to Mrs. Ha-gan, the vehicle she was following began to turn left. Mrs. Hagan to avoid striking the rear of the turning vehicle turned the steering wheel to the right and applied her brakes. At this point, she testified that “something went wrong with her vehicle;” the motor died, the steering wheel locked and the brakes failed. In any event, the vehicle went across the outer lane, struck a car parked on the shoulder, then veered left across the outer lane and was struck by a car in the inner lane. The car was damaged on the right rear and left front and required $123.50 worth of repairs.
The investigating trooper examined the car but did not note any mechanical defects. Mr. Hagan came to the scene, examined the car and, in fact, drove Mrs. Hagan to the hospital in it. The Hagans testified that *403 the ear had stalled on previous occasions without warning. However, we find it significant that although the vehicle had been in the shop at least twice before the accident for routine servicing, none of the service orders noted this problem. Furthermore, if the vehicle was “dangerous” as the Hagans contend, we fail to understand why they drove the car to the hospital and over 20,000 miles after the accident.
We agree with the trial judge that plaintiffs-appellants failed in their burden of proof. We find that the evidence actually shows that the accident was caused by the negligence of Mrs. Hagan. She was driving at least 40 MPH, yet was only two car lengths behind the vehicle in front of her. She claimed that the brakes failed, yet her vehicle left thirty feet of skid mark. She claimed that her steering locked or that the steering wheel could not be turned, yet her vehicle veered right to strike the vehicle on the shoulder and then veered left to strike the vehicle proceeding in the inner lane. Obviously, the small amount of damage ($123.50) establishes that the force of the collision with the parked car could not have caused the car to veer that severely to the left; otherwise, the Chrysler would have been damaged on its right side to a much greater extent. It is obvious that the trial judge did not believe Mrs. Hagan’s version of the accident. In view of the circumstances discussed above, we are not willing to set aside his determination of credibility.
REDHIBITION CLAIM
Plaintiffs-appellants cite de la Houssaye v. Star Chrysler, Inc., 284 So.2d 63 (La.App. 4th Cir. 1973); writ denied 286 So.2d 662, and argue that where a seller attempts to remedy a defect in the thing sold, the one year prescription for bringing the redhibitory action begins to run only from the time the seller abandons his attempt to repair the defect. We do not disagree with this proposition. See also Dominque v. Whirlpool Corporation, 303 So.2d 813 (La.App. 3rd Cir. 1974) and the cases cited therein.
In our opinion, however, there was no attempt to remedy a “defect” in this case. There was nothing shown which rendered the car “either absolutely useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have purchased it, had he known of the vice”. LSA-C.C. Art. 2520. The record affirmatively established that the car was brought into the shop on numerous occasions. However, uncontroverted experts reviewed the work that was done and testified that the servicing was normal for a similarly used car.
Within ten days of purchasing the car at issue, it was driven 3,000 miles; within twenty-three days, it was driven approximately 5,300 miles. In December, 1969, less than nine months after purchase, the car had been driven over 30,000 miles. Mr. Hagan testified that he had used nine different cars since 1964.
Our review of the record, especially the expert testimony, leads us to the conclusion that on the merits, no redhibitory defect and therefore no attempts to remedy a red-hibitory defect have been shown.
Accordingly, the judgment of the court below is affirmed. Appellants are to pay all costs.
AFFIRMED.