STOKER, Judge.
The plaintiff, First Mortgage Investors, filed suit against the defendants, CMF & Associates, Inc. (CMF), and Apollo Sleep Products, Inc. (Apollo), to rescind a sale of allegedly defective bedding. The defendants filed exceptions of prescription which were sustained by the trial court. The plaintiff appeals this judgment.
The issue presented by this case is whether the acts of the defendants served to interrupt the prescriptive period.
The plaintiff is the owner of the Days Inn Motel in Lake Charles. In April 1976 plaintiff purchased 308 sets of bedding from the defendant CMF. Defendant Apollo manufactured and supplied the bedding to CMF. By April 1977 the plaintiff had received numerous complaints regarding the condition of the bedding at the motel. Plaintiff contacted CMF about these problems. The first written correspondence between the parties concerning the condition of the bedding was a letter dated April 11, 1977, from Christopher Fox, president of CMF, to Edwin Sheets of Helmsley-Spear, the company that managed the Days Inn for plaintiff. This letter indicates that arrangements had been made to inspect and evaluate a sample of the bedding at the factory. By letter dated May 31, 1977, Fox informed Sheets that the bedding had been examined but that they were unable to determine the nature of the problem.
In August 1977, Richard Cohen, president of Therapedic, a division of Apollo, conducted an on site inspection of the bedding in the motel. At that time arrangements were made to have a set of bedding tested by Leggett and Platt, a leading bed spring manufacturer. Cohen agreed to replace thirty sets of bedding, with replacement being contingent upon a finding by Leggett and Platt of defective manufacture. After receiving the test results from Leggett and Platt, Cohen notified the plaintiff by a letter dated November 16, 1977, that the problems with the bedding were caused by abuse and misuse and not by defective materials or workmanship. In that letter Cohen stated that he did not “feel it fair that CMF or Therapedic be held responsible to absorb the expense to replace the box springs.” (Cohen 1, Cohen 2, transcript 151-154). There was no subsequent correspondence between the plaintiff and Richard Cohen.
In response to a letter from Sheets on January 30, 1978, containing additional *939 complaints about the bedding, Fox offered to have another set of bedding tested and to have an impartial intermediary inspect the bedding on the motel premises. This offer was made in February 1978 but no further tests or inspections took place in which both the plaintiff and defendant CMF participated.
LSA-C.C. articles 2534 and 2546 provide the prescriptive periods for actions in redhibition. An action against a good faith vendor prescribes within one year of the date of the sale. An action against a bad faith vendor prescribes within one year of the discovery of the defect by the buyer. The manufacturer of a thing is presumed to know the vices of the things he makes and thus is treated as a bad faith vendor. Rey v. Cuccia, 298 So.2d 840 (La.1974).
In the instant case the vendor, CMF, is in good faith. The action against CMF prescribes one year after the date of the sale. Apollo, the manufacturer, is presumed to be in bad faith. Therefore, the action against Apollo prescribes within one year of the discovery of the defect.
Plaintiff’s petition shows that the sale of the bedding took place in April 1976 and that the defect was discovered by the plaintiff by April 1977. Suit was filed January 11, 1979. Since plaintiff’s petition shows on its face that the asserted claim has prescribed, plaintiff has the burden of proving by a preponderance of the evidence that prescription was interrupted in order to defeat the defendants’ exceptions of prescription. Christy-Ann-Lea, Inc. v. Charter Homes of La., Inc., 327 So.2d 569 (La.App. 4th Cir. 1976), writ refused, 332 So.2d 277 (La.1976). Our jurisprudence provides that where attempts have been made to remedy the defect, prescription does not begin to run until these attempts to repair are abandoned. Domingue v. Whirlpool Corporation, 303 So.2d 813 (La.App. 3rd Cir. 1974). An interruption of prescription caused by a seller’s attempts at repair is effective against both the seller and manufacturer. Fleur de Leis Apts. v. Davidson Sash, Etc., 364 So.2d 234 (La.App. 3rd Cir. 1978), writ refused, 366 So.2d 572 (La.1979).
The record in this case does not reflect that there were any actual physical attempts to repair the bedding. Plaintiff urges us to hold that verbal and written communications between the defendant CMF and the plaintiff are equivalent to attempts to repair sufficient to interrupt prescription. In addition plaintiff maintains it was lulled into a false sense of security by these communications and was thereby prevented from asserting its claim against the defendants.
The record of this case consists of the depositions of Edwin Sheets, Christopher Fox and Richard Cohen and includes copies of correspondence among the parties. The record reveals that Christopher Fox of CMF in his communications with the plaintiff maintained that the manufacturer was a reputable firm and would stand behind its warranty. Edwin Sheets admits that at no time did Christopher Fox agree to replace or repair the bedding. Sheets merely states that Fox repeatedly assured him that the warranty would be respected. The record establishes that Richard Cohen of Apollo agreed to replace thirty sets of bedding provided they were defective. Following the tests by Leggett and Platt, Cohen informed the plaintiff that the bedding would not be replaced as the problem was not one of defective materials or workmanship.
We do not consider the communications among the parties to constitute attempts to repair nor do we feel that the plaintiff was lulled into a false sense of security by these communications and was thereby prevented from asserting its claim. Even assuming Cohen’s offer to replace thirty sets of bedding to be an attempt to repair we find that plaintiff knew as of November 16, 1977, that it had a claim to assert against the defendant. We affirm the trial court decision maintaining the exceptions of prescription leveled at plaintiff’s claim in redhibition.
The parties involved in this litigation approached this suit as a case of redhibition subject to a one year prescriptive period. However, the record discloses that the bed *940 ding may have been sold with a ten year warranty.[1] The existence of this warranty is pleaded in plaintiff’s original petition. We express no opinion as to the merits of a claim based upon a ten year contractual warranty.
For the reasons assigned we affirm the judgment of the trial court insofar as it sustains the exception of prescription of one year applicable to the action of redhibition but reverse the trial court judgment insofar as it dismisses plaintiff’s action and remand the case to the trial court for further proceedings consistent with the views expressed herein.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. The purchase order issued by CMF and accepted by Apollo in connection with the sale bears upon its face the handwritten words “10 year warranty”. We express no opinion as to the meaning these words were intended to have or as to the legal construction and effect to be given them.