LABORDE, Judge.
This is a redhibition suit involving the sale of a tractor. Marion Overton White filed this suit against International Harvester Company, Inc. (International Harvester) and Mury International, Inc., (Mury) for rescission of the sale to him of a 1974 Model 1466 International Harvester Company tractor. The tractor was manufactured by International Harvester Company, Inc. and sold by Pee Wee International, Inc., subsequently renamed as Mury International, Inc. Both defendants filed peremptory exceptions of prescription. The trial court originally sustained Mury’s exception and ordered plaintiff’s suit against it dismissed. The ruling as to Mury has not been appealed from and is now final. As to International Harvester’s exception of prescription, the trial court originally denied it. International Harvester moved for a new trial limited to re-argument only, following which the trial court reversed its original ruling, sustained International Harvester’s exception and ordered plaintiff’s suit dismissed. Plaintiff appealed. We affirm.
The issue on appeal is whether plaintiff’s redhibition action against International Harvester is prescribed. Agreeing with the trial court, we hold that it is.
The invoice for the sale of the tractor to plaintiff is dated October 30,1974, however, the tractor was not delivered until January, 1975. Plaintiff alleges numerous mechanical defects, the most important of which involved its hydraulic system. These mechanical problems manifested themselves during the farming seasons of 1975, 1976 *659 and 1977. Several attempts to repair the tractor were made by local International Harvester dealers. James H. West, an International Harvester field representative, worked with the local dealers in an effort to correct the mechanical problems. Not satisfied, plaintiff filed this suit August 24, 1977.
The prescriptive period for a redhibition action is set forth in Civil Code Article 2534 which provides in pertinent part:
“The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.”
However, it is well settled in our jurisprudence that where the seller attempts to remedy a defect in the object sold, the one year prescription in bringing the redhibi-tory action begins to run only from the time the seller abandons his attempt to repair the defect. Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La.App. 3rd Cir. 1972); Brown v. Mid City Motors, Inc., 248 So.2d 27 (La.App. 1st Cir. 1971). It is also settled that where the seller assures the buyer that repairs will be made, the one year prescription period commences only from the date of the last promise of a vendor or manufacturer to remedy or repair. Bison v. La Hood, 390 So.2d 920 (La.App. 2nd Cir. 1980).
Applying these principles to the instant case, the primary issues are what is the date of last repairs authorized by International Harvester and whether International Harvester made any commitment to plaintiff to repair or put the tractor in working order subsequent to this date of last repair.
International Harvester’s evidence reflects that the last repairs were made on August 15, 1976, and that International Harvester made no commitments thereafter to repair the tractor.
James H. West, Technical Service Manager of International Harvester, was called under cross-examination by plaintiff. Mr. West referred to notes and records to help identify his activities and their dates in this case. He testified that plaintiff informed him his tractor had not been satisfactorily repaired under warranty and asked him to investigate the failures. Mr. West inspected the tractor in May of 1976 and again in July of 1976 and authorized repairs to plaintiff’s tractor. These repairs were made by a local dealer and paid for by International Harvester. Mr. West was next contacted by plaintiff in July of 1976 and on July 15, 1976, he met with plaintiff, plaintiff’s farm manager and the son of his farm manager. On the date of the meeting, the tractor had been disassembled and Mr. West investigated the failure, ascertained the problem and authorized the necessary repairs. The job was completed and the tractor returned on August 15, 1976. Mr. West testified that since August 15,1976, plaintiff has not contacted him and he assumed the mechanical problems were corrected leaving plaintiff satisfied. Mr. West further testified that to the best of his knowledge, subsequent to August 15, 1976, International Harvester did not work on the tractor, make any commitment to plaintiff to repair his tractor, or attempt to repair it.
In contrast to Mr. West’s testimony establishing August 15, 1976, as the date of last repair and that thereafter International Harvester made no further commitment to repair the tractor, plaintiff’s testimony at the trial of the exception appears vague and uncertain.[1] He recalls meeting with Mr. West and that the repairs were done and the tractor returned, however, he could not say whether this transpired in May, *660 June or July of 1976. Plaintiff’s inability to establish his own date or to contradict Mr. West’s recollection of the date is shown by his answer to the following question posed by International Harvester’s attorney at page 230 of the record:
“Q. All right, sir. And, isn’t this a true statement: That following repairs made to the tractor — the final repairs made to the tractor on or about August 15th, 1976, following Mr. West’s discussion with you and inspection of the tractor, that you made no further complaint with reference to the tractor’s condition until you filed a suit on August 24, 1977? And, I’m talking about complaints, I mean to International Harvester.
A. That may be correct.”
By way of minute entry found at page 335 of the record, the trial court after considering the evidence presented, stated:
“... After examination of the transcript of the original hearing of this matter, the Court finds that the preponderance of the evidence proves that the date of last repair was on or about August 15, 1976. Plaintiff did not file this suit until August 24, 1977. There was no evidence of further repairs, attempts to repair, or commitments to make repairs after August 15, 1976. Since suit was filed more than one year after the date of last repair, the Court concludes plaintiff’s claim had prescribed.”
Upon examination, we cannot say the lower court erred in sustaining International Harvester’s exception of prescription and ordering plaintiff’s suit dismissed.
For the foregoing reasons the judgment of the trial court dismissing plaintiff’s suit is affirmed. Plaintiff shall pay all costs of this appeal.
AFFIRMED.

. After the trial on the exception which was held on September 10, 1979, plaintiff filed an affidavit dated September 12, 1979, and a deposition of plaintiff taken on August 24, 1979. International Harvester moves to strike these exhibits because they were not offered into evidence at the trial of the exception and because they were filed without the judge’s signature. (A clerk of court allowed them to be filed.) For the reasons advanced by International Harvester and for the additional reasons that plaintiff failed to hold the record open for the introduction of additional evidence or to move to reopen the record for introduction of additional evidence, we grant International Harvester’s motion to strike these exhibits from the record. Hence, they will not be considered by us.