452 So.2d 752 (1984)
The PEOPLES WATER SERVICE COMPANY OF LOUISIANA
v.
MENGE PUMP AND MACHINERY CO., INC. and Colt Industries Operating Corporation.
No. 83-CA-833.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
Writ Denied September 28, 1984.
David J. Krebs, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiff-appellant.
Paul B. Deal, Jerald L. Album, and Wood Brown, III, Paul M. Lavelle, New Orleans, for defendant-appellee.
Before CHEHARDY and GRISBAUM, JJ. and CLEVELAND J. MARCEL, Sr., J. pro tempore.
*753 CLEVELAND J. MARCEL, Sr., Judge Pro Tempore.
This appeal arises from the trial court judgment granting exceptions of prescription in favor of defendants, Menge Pump & Machinery Company, Inc. (Menge) and Colt Industries Operating Corporation, Fairbanks-Morse Pump Division (Colt) in an action for breach of contract filed by plaintiff, The Peoples Water Service Company of Louisiana, Inc. (Peoples).
Plaintiff Peoples supplies drinking water to the community of Bastrop, Louisiana and the surrounding area. In 1975, Peoples determined the need for two additional pumps in its water wells. Because the well water in Bastrop is apparently more acidic than average and has other non-standard characteristics, Peoples decided that "stock" pumps would not meet its requirements. Consequently, Peoples had detailed specifications for the water pumps specially prepared by their consulting engineers and a contract for procurement of the specialized pumps was placed for bid. These specifications, some fifty-eight pages in length, specified in detail the required characteristics of the component parts and performance capabilities required of the pumps and provided specifications for other work as well.
On December 12, 1975, defendant Menge submitted to Peoples a bid responsive to the specifications for the procurement of the pumps, but not, however, for the installation. Menge's bid was formally accepted by Peoples on January 26, 1976. A purchase order contract was then issued by Peoples to Menge for the pumps in accordance with the specifications contained in the bid documents. The contract stated: "Items below are as per specifications & addendum No. 1 of Bid documents for wells; pumps, motors, etc. as mailed to you November 13, 1975. Please reference your bid of December 12, 1975." No mention of a specific standard pump model or pump manufacturer was made. The pumps were subsequently delivered and installed in May, 1976.
In 1981, one of the pumps failed and tests revealed that the pumps did not meet the non-corrosive specifications set forth in the bid package which was incorporated into the contract between Menge and Peoples. As a result, one of the pumps fell apart due to the qualities of the well water which the pumps were specifically engineered to withstand which, in turn, caused the suction end of the pump to fall down the well, warping all of the shafts and breaking out all of the bearing retainers. A subsequent examination of the other pump revealed the same advanced stage of deterioration. As a result, both pumps had to be refitted immediately and extensive damage to the first well had to be repaired. Plaintiff thereupon entered into correspondence with defendants Menge and Colt, in which it sought reimbursement for damages suffered. Formal demand and tender for repair was made by certified mail on November 5, 1981. In response to this letter, defendant Colt agreed to perform certain laboratory analyses, promising "further discussion" after those tests.
On February 16, 1982, Mr. James L. Carbley of defendant Colt's office informed Mr. Charles L. Porter of Colt's belief that it was not responsible for the pump failures, but instead requested Peoples to conduct further field evaluations and to advise Colt of its findings, upon which Colt stated that it would "gladly make material recommendations to overcome the problem."
Plaintiff Peoples filed suit on February 16, 1983. In response, peremptory exceptions of prescription were filed by defendant Menge on May 4, 1983, and by defendant Colt on May 31, 1983. Trial on the exceptions was held on September 23, 1983. In a judgment rendered on September 27, 1983, the exceptions were granted and plaintiff's suit was dismissed with prejudice at plaintiff's costs.
Plaintiff Peoples thereafter perfected an appeal of the judgment specifying the following as error:
(1) The trial court erred in holding that the contract between Peoples and Menge *754 was a contract of sale and was governed by the prescriptive period of one year.
(2) The trial court erred in holding that no act of defendant Colt served to interrupt or suspend prescription.
The issues presented by appellant are:
(1) Whether the contract between Peoples and Menge is governed by the prescriptive period of one year.
(2) Whether Colt's communications with Peoples and actions suspended the commencement of prescription until Colt denied liability on February 16, 1982.
Appellant argues that the court erred in maintaining the exception of appellee Menge because appellant Peoples' suit against Menge does not sound in redhibition, but rather in contract, and as such is governed by the ten-year prescriptive period for personal actions arising out of breach of contract. LSA-C.C. Article 3544. Appellee Menge argues conversely that the action is one of breach of a warranty in a contract sale and thus the damages are regarded as founded upon redhibition and subject to the one-year prescription applicable to redhibitory actions.
Redhibition is defined in the Louisiana Civil Code as follows:
"Art. 2520. Redhibition, definition

Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The definition of a sale is:
"Art. 2439. Sale, definition
The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself."
The Louisiana Civil Code and applicable jurisprudence further provide that redhibition actions prescribe one year from the date of sale, from the buyer's discovery of the defect if the vendor knew or is chargeable with the knowledge of the defect, or from the date the seller last attempted to repair the defect. LSA-C.C. art. 2534; 2546. Weaver v. Fleetwood Homes of Mississippi, Inc., 327 So.2d 172 (La.App. 3d Cir.1976); White v. International Harvester Company, Inc., 415 So.2d 658 (La.App. 3d Cir.1982); de la Houssaye v. Star Chrysler, Inc., 284 So.2d 63 (La.App. 4th Cir.1973). On the other hand, if the contract is other than a sale, the ten-year prescription applies under LSA-C.C. Article 3544.
Classifications of contracts have occasioned the courts some difficulty where the contract includes aspects of the obligation both to do and to give. Where they are inseparable, generally one of the obligations must be determined as fundamental and the rules thereunder will control. 7 S. Litvinoff, La. Civil Law Treatise: Obligations Book 2, Section 158 at page 291. However, where the object provided is not that which is contracted for, redhibition does not apply.[1]
In Victory Oil Company, Inc. v. Perret, 183 So.2d 360 (La.App. 4th Cir.1966), writ refused, the court noted succinctly that an action in redhibition is based upon a vice or defect in the thing sold. LSA-C.C. Article 2520. There the object contracted for was a specific type of diesel oil, but the oil delivered was a different type unsuitable *755 for use in the buyer's trucks. The court determined that an action based on the delivery and failure of the wrong commodity was not an action in redhibition, but one for breach of contract and the ten-year prescriptive period applies. In Vico Concrete Company, Inc. v. Antley, 283 So.2d 830 (La.App. 2d Cir.1973), the court cited Victory and distinguished its own facts, which involved contaminated concrete, from the Victory facts involving a failure to provide the specific product under the contract. See also PPG Industries v. Industrial Laminates, 664 F.2d 1332 (5th Cir.1982).
In this case, the seller Menge contracted to provide a specific type of pump to specifications different from the available "showroom floor" standard pumps available. The pumps provided were not of the type contracted for, i.e., fabricated to be non-corrosive. The pumps herein failed because, as in Victory, they were the wrong commodity and not because of a vice or defect in the thing itself. Consequently, as these facts are more pointedly in line with Victory, the action is one of breach of contract and the ten-year prescription applies as to defendant Menge. LSA-C.C. 3544 (now found in LSA-C.C. Article 3499, effective January 1, 1984).
Appellant's second issue raises the question of whether the defendant manufacturer's actions may have served to suspend the commencement of prescription. In this regard, appellant agrees that its action against Colt sounds in redhibition and did not dispute that a redhibitory action against the manufacturer ordinarily prescribes one year from the date of discovery of the defects. However, appellant asserts that it is well established in Louisiana that prescription in favor of both the seller and the manufacturer on a redhibitory action does not begin to run until the seller abandons all attempts to repair. Fleur de Leis Apartments v. Davidson Sash and Door Company, Inc., 364 So.2d 234 (La.App. 3d Cir.1978), writ refused, 366 So.2d 572 (La.1979); Weaver v. Fleetwood Homes of Mississippi, Inc., supra; First Mortgage Investors v. CMF and Associates, Inc., 393 So.2d 937 (La.App. 3d Cir. 1981).
Furthermore, appellant argues that exception to the rule of commencement of prescription has not been limited to actual physical attempts to remedy, but instead includes verbal or written communications which will lead a buyer to believe that the defect will be remedied. Austin v. North American Forest, 656 F.2d 1076 (5th Cir. 1981); Sweeny v. Vindale Corp., 574 F.2d 1296 (5th Cir.1978); Fleur de Leis Apartments v. Davidson Sash and Door Company, Inc., supra.
Appellee, on the other hand, asserts that the evidence herein fails to indicate that the manufacturer intended or attempted to repair or remedy the problem and that the negotiations between the parties did not lead appellant to believe the problem would be remedied.
The record indicates that the problem was discovered in spring of 1981. In November, 1981, appellants notified appellee Colt of the failure of the pumps manufactured by their company and requested reimbursement of costs incurred in the replacement. Colt replied in letter dated December 17, 1981, requesting that appellant return the bolts at issue for analysis, following which they would further discuss the problem. Appellant apparently did so and two months later, on February 16, 1982, appellee, by letter, disclaimed any liability with regard to the failure of the equipment.
Appellant asserts that further correspondence continued until October, 1982; however the record is devoid of any evidence in that regard. As noted previously, suit was not filed until February 16, 1983, twenty-one months from discovery, and one year from the date of Colt's letter disclaiming liability. Under these facts, as presented by the documentary evidence, it is our opinion that the trial court did not err in finding the action prescribed as the correspondence between the parties does not constitute anything other than an investigation of appellant's complaints. Further, we do not *756 find an acknowledgment or admission of liability, nor is there any indication that appellant was misled into believing that Colt intended to remedy appellant's losses.
For the foregoing reasons, therefore, the judgment sustaining the exceptions of prescription is hereby reversed as to defendant Menge, but affirmed as to defendant Colt, and the case is remanded for proceedings consistent with this opinion. Costs of this appeal are to be apportioned between the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] As distinguished from Tidewater, Inc. v. Baldwin-Lima Hamilton Corp., 410 So.2d 355 (La. App. 4th Cir.1982) (action against a distributor of a crane assembled subsequent to an agreement to purchase the crane); FMC Corp. v. Continental Grain Company, 355 So.2d 953 (La. App. 4th Cir.1977) (statutory warranty question related to the adaptation of a piece of coal unloading equipment for use in grain unloading); Tripod Boats, Inc. v. George Engine Co., 170 So.2d 238 (La. 4th Cir.1964) (action against seller of three boats purchased after they had been built and were in the water); and Kegler's Inc. v. Levy, 239 So.2d 450 (La.App. 4th Cir. 1970) (where a contract to furnish and install wall-to-wall carpeting was determined not to be a sale because of an obligation beyond the mere delivery of the object). In these cases, the object of the transaction was in fact furnished and some defect or vice in that object caused the damage claimed.