467 So.2d 107 (1985)
Matthew VALLETTE, et al., Plaintiffs-Appellees,
v.
Horace TOUSSAINT, Defendant-Appellant.
No. 84-316.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*108 Baggett, McCall & Ranier, William B. Baggett, Lake Charles, for defendant-appellant.
Sumpter & Schrumpf, Charles Schrumpf, Sulphur, for plaintiffs-appellees.
Before FORET, STOKER and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns the rescission of a sale of an animal. Horace Toussaint appeals the trial court's judgment rescinding the sale of a quarter horse to Matthew Vallette and Enos Abshire for the purchase price of $3000. The sole issue presented is prescription. We affirm finding that prescription was interrupted.
On November 22, 1982, Toussaint sold to Vallette and Abshire what purported to be a Louisiana bred quarter horse for $3000. The purchasers specifically wanted a Louisiana bred horse so that it would qualify for larger purses on the local racing circuit. At the time of the sale the certificate of the American Quarter Horse Association was in the possession of Steve Van Bebber, the person from whom Toussaint acquired the horse. Vallette, Abshire, and Toussaint agreed that Vallette and Abshire pay $1500 as partial payment for the horse and the balance paid when Vallette and Abshire received the American Quarter Horse Association certificate.
Vallette and Abshire took delivery of the horse the day after sale, and on the following day they and Toussaint signed a simple document embodying this agreement, including a declaration that the horse was Louisiana bred.
On December 1, 1982, the purchasers' veternarian performed a required blood test on the horse, and determined that the horse bore the tattoo number 80050 on its lip. There is some discrepancy regarding when the Quarter Horse Association papers were delivered, either December 6, 1982, or early January 1983. It was discovered at that time that the certificate bore tattoo number 81401 which did not match the tattoo number on the horse's lip. Vallette and Abshire contacted Toussaint about the discrepancy and were led to believe by Toussaint that the problem would be straightened out. After several conversations with Toussaint over a period of two to three months attempting to resolve the matter, Vallette and Abshire filed suit to rescind the sale.
The trial court determined that Toussaint was a good faith seller which is not disputed. He purchased two horses from Steve Van Bebber at the same time, one being the horse at issue. Van Bebber orally identified to Toussaint the horse later sold to Vallette and Abshire as being Louisiana bred. Simply stated, it was this belief that Toussaint conveyed to Vallette and Abshire.
The record supports that in late December 1982 or early January 1983 Vallette and Abshire discovered that the horse was not Louisiana bred.
The following articles of the Civil Code are pertinent to defendant's contention that plaintiffs' action is prescribed:

"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

"Art. 2529. A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."
"Art. 2535. The redhibition of animals can only be sued for within two months immediately following the sale."
Even though article 2535 provides that redhibition of animals can only be sued for within two months following the date *109 of sale, the jurisprudence has held that the prescriptive period does not commence until the purchaser discovers the defect. Fusilier v. Ardoin, 266 So.2d 531 (La.App. 3rd Cir.1972); Smith v. Smith, 29 So.2d 608 (La.App. 1st Cir.1947).
Since the petition shows on its face that their claim has prescribed, they bear the burden of proving by a preponderance of the evidence that prescription was interrupted to defeat Toussaint's exception of prescription. First Mtg. Investors v. CMF & Assoc., Inc., 393 So.2d 937 (La.App. 3rd Cir.1981). Where attempts have been made to remedy the redhibitory defect, prescription does not commence until the attempts to repair are abandoned. First Mtg. Investors, supra. Verbal communications between the seller and purchaser are equivalent to attempts to repair sufficient to interrupt prescription. Fleur de Leis Apts. v. Davidson Sash, Etc., 364 So.2d 234 (La.App. 3rd Cir.1978), writ refused, 366 So.2d 572 (La.1979); in accord see First Mtg. Investors, supra; Peoples Water Ser. v. Menge Pump & Machinery, 452 So.2d 752 (La.App. 5th Cir.1984), writ denied, 456 So.2d 1391.
There is a reasonable evidentiary basis to conclude that Vallette and Abshire contacted Toussaint on numerous occasions about the horse not being Louisiana bred. Toussaint admitted being contacted for the first time by Vallette and Abshire on February 22, 1983, before the original prescriptive period elapsed, concerning the discrepancy of tattoo numbers. He advised them he would contact Steve Van Bebber to straighten out the registration problems with the American Quarter Horse Association. This communication convinces us that Vallette and Abshire were lulled into false security, therefore, they are not prevented from asserting their claim because of prescription. Accordingly, we find that the prescriptive period was interrupted.
For the foregoing reasons, appellant's exception of prescription is denied. All costs of this appeal are assessed to defendant-appellant, Horace Toussaint.
AFFIRMED.
FORET, J., concurs in the result on the ground that I believe that Fusilier v. Ardoin establishing a 10 yr. prescriptive period applies in this case.