491 So.2d 807 (1986)
Judy Nugent McKEITHEN, Plaintiff-Appellee,
v.
Roy LeBLANC and Cattleman's Stockyard, Inc., Defendant-Appellant.
No. 85-144.
Court of Appeal of Louisiana, Third Circuit.
July 23, 1986.
Angelo J. Piazza, III, Pineville, for defendant-appellant.
Rodney Rabalais, Marksville, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
The defendant-seller appealed a judgment of the district court which rescinded the sale of a horse, awarded the plaintiff-buyer the return of the purchase price, and ordered that the animal be returned to the seller. On appeal defendant filed an exception of prescription. We remand the case to the district court in order to determine the issue of prescription.
This case was initially tried on the issue of whether the horse was suffering from a redhibitory vice. The undisputed evidence revealed the animal was suffering from equine infectious anemia at the time of sale. The trial court correctly determined this condition to be a redhibitory vice and rescinded the sale.
The defendant has filed in this court a plea of prescription raising here for the first time the issue of whether plaintiff's redhibitory action under LSA-C.C. art. 2520 has prescribed. Appellee's brief argues that this court should not consider the exception of prescription since proof of the *808 facts necessary to establish the ground for the exception does not appear in the record. Alternatively appellee's brief can be construed as seeking a remand pursuant to LSA-C.C.P. art. 2163. Appellant in his rebuttal brief argues that a remand is not warranted because the evidence clearly establishes that prescription has run.
The sole issue now argued on appeal is whether the action has prescribed.
C.C. art. 2535 states as follows:
"Art. 2535. The redhibition of animals can only be sued for within two months immediately following the sale."
C.C.P. art. 2163 states as follows:
"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
"If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."
The jurisprudence demonstrates that the prescriptive period under C.C. art. 2535 does not commence until the purchaser discovers the vice or until all attempts to correct the vice are abandoned. See Vallette v. Toussaint, 467 So.2d 107 (La.App. 3rd Cir.1985).
In the present case the plaintiff purchased the horse at an auction sale on April 28, 1984. The plaintiff did not file the present suit until July 12, 1984, two and a half months after the sale. Based on these facts the prescriptive period of two months under C.C. art. 2535 has run. Proof of the ground of the exception appears of record. C.C.P. art. 2163.
However, the same article indicates that when the peremptory exception filed for the first time on appeal is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. The purpose of this provision is to permit the parties to have a trial of the exception, and present evidence. The plaintiff has not made a formal demand, by way of a pleading, asking for a remand. However, we believe that the fair import of her brief is that we either overrule the exception or remand it for trial. The appellant's brief gives the same interpretation to the plaintiff's argument that we do. Furthermore, this is only fair. The question of prescription has never been tried, evidence concerning possible interruption of prescription has never been presented, and the issue of prescription turns out to be the only real controversy in the case. Justice would be better served to remand for a trial of the exception.
For these reasons the case is hereby remanded to the district court for proceedings consistent with this opinion. Costs of this appeal shall be assessed equally between the parties.
REMANDED.