J2.SHORTESS, Judge.
A. Leon Hebert, executor of the estate of Rena L. Pemble, and Pemble’s legatees, H.C. *736 McCall, III, and London McCall (plaintiffs) filed suit to annul a tax adjudication and sale of property owned by Pemble. They named as defendants Rodney Wise, Baton Rouge Renovation Project, Inc. (BRRP), the Commissioner of the Division of Administration of the State of Louisiana (Commissioner), the Louisiana Attorney General (AG), the Secretary of the Louisiana Department of Natural Resources (Secretary), and the Sheriff of East Baton Rouge Parish (Sheriff). Plaintiffs contend in their petition that on June 11, 1986, the Sheriff adjudicated a lot and house in Baton Rouge for unpaid 1985 property taxes; that on August 7, 1991, that property was sold at a tax sale to Wise, who subsequently sold it to BRRP; that Pemble was interdicted in 1984; and that her curator never received notice of the tax delinquency or the tax sale.
The Commissioner, the AG, and the Secretary filed an exception of prescription which was later voluntarily dismissed without prejudice. The Sheriff responded to plaintiffs’ requests for admissions but made no other appearance.[1] Wise and BRRP answered.[2] Plaintiffs then moved for summary judgment against “the defendants.” Summary judgment was granted against all six defendants, annulling the adjudication, the sale to Wise, and the sale from Wise to BRRP.[3] Only Wise and BRRP (appellants) appealed, contending the trial court erred in granting summary judgment.
laBefore this case was submitted to us for decision, appellants filed an exception of prescription here asserting lack of corporeal possession by Pemble. We have the discretion, under Louisiana Code of Civil Procedure article 2163, to consider a peremptory exception filed for the first time in this court which is pleaded prior to the submission of the case for a decision if proof of the ground of the exception appears in the record. Appellants attached various exhibits to their exception, including an affidavit describing the condition of the house when purchased by Wise. That affidavit and other attachments to the exception are not part of the record. Plaintiffs contend in their brief they have “exhaustively documented” possession of the property and provided the documentation to counsel for appellants, but those documents are not in the record either.
Article 2163 provides that the plaintiff may demand that the case be remanded to the trial court for trial of the exception. While plaintiffs in this case have not made a formal demand, it is obvious that this court cannot decide the merits of the exception of prescription based on the record before us. Justice will best be served by remanding this ease to the trial court for an evidentiary hearing on the exception. See McKeithen v. LeBlanc, 491 So.2d 807, 808 (La.App. 3d Cir.1986); La.C.C.P. art. 2164.
For these reasons, we pretermit consideration of the substantive merits of the trial court’s grant of summary judgment and remand this case to the district court for the purpose of determining the merits of the exception of prescription. This court shall retain jurisdiction to decide the errors assigned regarding the granting of the motion for summary judgment only if it is found that plaintiffs’ action has not prescribed. Costs incurred by this remand are taxed to plaintiffs.
REMANDED.
FOGG, J., dissents with reasons.

. We note another response to plaintiffs' requests for admissions was filed by "RANDALL EVANS, defendant herein,” although there is nothing in the record indicating Evans was ever named as a defendant or served.

. Wise and BRRP later amended their answer and cross-claimed against "the East Baton Rouge Sheriffs Office and/or the State of Louisiana."

.One week after summary judgment was granted, “the State of Louisiana” answered the suit and cross-claimed against Wise and BRRP.