1, BYRNES, Judge.
Relator complains that the trial court should have granted his exception of prescription based on a two month time period rather than one year.
Plaintiffs, Allen and Kenny Little, purchased a pair of ostrich chicks from defendant/relator, Salvador Mangano, in October 1993. The Littles picked up the chicks in December 1993. Veterinarian testing in August 1994 proved that both chicks were roosters. The Littles filed a redhibition action against Mangano on February 23, 1995, alleging that they purchased the birds for breeding purposes and their biological inability to produce offspring rendered the birds unsuitable for the purposes for which the birds were purchased and constituted a red-hibitory defect. Mangano filed an exception of prescription, which was denied by the trial court. Mangano’s writ application followed.
At the time of the transaction, La. C.C. art. 2535 provided that the redhibition of animals could only be sued for within two months immediately following the sale, or two months from discovery of the vice or defect. Smith v. Smith, 29 So.2d 608 (La. App. 1 Cir.1947). If the petition shows that prescription has run on its face, the burden of proof shifts to the plaintiff to show that the prescription was either suspended, interrupted, or renounced. Sotomayor v. Lewis, 95-2520 (La.App. 4 Cir. 4/24/96), 673 So.2d 1201. |2Where attempts have been made to remedy the redhibition defect, prescription does not commence until the attempts to correct the vice are abandoned; verbal communications between the seller and the purchaser are equivalent to attempts to correct sufficient to interrupt prescription. Vallette v. Toussaint, 467 So.2d 107 (La.App. 3 Cir. 1985).
*856 In the present case Allen Little and Salvador Mangano testified at the hearing on the exception of prescription. Little stated that he talked to Mangano on various occasions. He told Mangano that the chicks might be the same sex, and Mangano said he would come look at them, but he never did. After sending Mangano a copy of the veterinarian results in August 1994, Little continued to talk to Mangano but the problem was unsolved. In January 1995, the Littles engaged an attorney who corresponded with Mangano’s attorney, continuing to request that Mangano take corrective measures. Negotiations broke down, and the Littles filed suit in February 1995.
Mr. Mangano stated that when the Littles purchased the chicks, they had 90 days to get the birds checked to have them sexed. He said that if they were two males, “we would exchange them with another bird of next year’s crop, which they agreed to because we didn’t have anymore birds on the farm.” A couple of months after the Littles picked up the birds, Little told Mangano that he thought the Littles had two males, and Ma-gano said he would exchange them with the next spring crop. Several months after the sale, Mangano stated that he told Little to have the birds sexed by a veterinarian, and they “would exchange them for a hen when he brought the bird back to me.” Mangano related that he never agreed to deliver the chick because he didn’t have the delivery equipment. Mangano testified that after the conversation in August (when the Littles sent Mangano a copy of the veterinarian’s results), after |3another two and a half or three months, Mangano stated that Little “wanted a ridiculous offer, me giving him, swap the bird, bring it to him, he keeping the male, me give him five or six fertile [eggs].” Mr. Mangano agreed that after litigation was instigated, he made an offer in which he told the Littles “they could swap these young birds, swap the hen and they could keep the male as compensation.”
The testimony reveals that negotiations were ongoing so that the plaintiffs showed that attempts to correct the problem were continuous even after legal action began. Therefore, legal action commenced within two months of attempts to correct the problem so that prescription was interrupted. Although the trial court may have incorrectly applied a one-year prescriptive period, the result is nevertheless proper, and the action has not prescribed.
Accordingly, Mr. Mangano’s exception of prescription is denied.

WRIT GRANTED; RELIEF DENIED